THE PLEASANT GROVE CONGREGATION OF THE CUMBERLAND PRESBYTERIAN CHURCH *et al.* Plaintiffs in Error, *vs.* J. D. RILEY *et al.* Defendants in Error.

*Opinion filed February 25, 1911.*

1. CHURCHES—*a conveyance for the general use of a religious society is not upon a specific trust.* A conveyance to a religious corporation upon a specific trust will be enforced by a court of equity and a diversion of the property to other uses prevented, but a conveyance for the general use of a religious corporation is not a conveyance upon a specific trust.

2. SAME—*what conveyances are not made upon a specific trust.* A conveyance in trust "for the Cumberland Presbyterian Society for the purpose of a camp ground for divine worship and for a burying ground for the interment of the dead, which shall be free for any orthodox denomination to have divine worship so as not to interfere with the regular rights and privileges of the Cumberland Presbyterian Society," is not a conveyance upon a specific trust; nor is a conveyance of property to the trustees of a certain presbytery for church purposes, with a condition of reverter, upon re-payment of the purchase money, if it should cease to be so used.

3. SAME—*decision of general assembly of Cumberland church upon questions of faith and doctrine is final.* Under the system of ecclesiastical government of the Cumberland Presbyterian Church the general assembly is the highest authority, and its decision upon questions of faith and doctrine must be accepted as final and is binding upon the civil courts. (*First Presbyterian Church* v. *First Cumberland Presbyterian Church,* 245 Ill. 74, followed.)

4. SAME—*effect of union of the Presbyterian and Cumberland Presbyterian churches.* The Cumberland Presbyterian Church and the Presbyterian Church in the United States of America having become one through their union, property held in trust before the union for either one of such churches is now held in trust for the united church, unless charged with a specific and inconsistent

trust; and those members who recognize the validity of the union are entitled to the use of the property to the exclusion of those who do not. (*First Presbyterian Church* v. *First Cumberland Presbyterian Church,* 245 Ill. 74, followed.)

WRIT OF ERROR to the Circuit Court of Saline county; the Hon. A. W. LEWIS, Judge, presiding.

WHITLEY & SOMERS, and HARRY ANDERSON, for plaintiffs in error.

THEO. G. RISLEY, and E. B. GREEN, for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

This controversy is similar to that involved in the case of *First Presbyterian Church of Lincoln* v. *First Cumberland Presbyterian Church of Lincoln,* 245 Ill. 74, and the judgment in that case is decisive of this.

The Pleasant Grove Congregation of the Cumberland Presbyterian Church was organized in 1849 and maintained a continuous existence thereafter, although it was not incorporated until 1903, when trustees were elected under the statute and an incorporation was legally effected. The property in controversy was held by the corporation so organized under certain deeds of conveyance and was occupied and used for camp meeting grounds and for church and burial purposes. Plaintiffs in error are the corporation, its trustees, the elders and pastor of the church. After the union of the Cumberland Presbyterian Church with the Presbyterian Church of the United States of America, in 1906, some of the members of the Pleasant Grove congregation, denying the constitutional power of the two churches to unite, insisted that those members of the church approving of and adhering to such union had renounced the Cumberland Presbyterian Church and had lost all interest in its property. They chose trustees and elders, employed a pas-

tor, and, against the objections of the trustees and those members of the church who assented to the union, continued to hold meetings in the church until excluded from it by being locked out, and insisted upon their right and intention to occupy and control the property. The trustees, elders and pastor so chosen and some of the members of the church thus using the church property were made defendants to the bill, which prayed for an injunction against their interference with the plaintiffs in error in the use, possession and control of the property. The answer alleged the invalidity of the union for want of constitutional power to enter into it, and averred that the defendants in error, and other members of the congregation who remained true and loyal to the Cumberland Presbyterian Church, were the owners, legal and equitable, of said real estate and entitled to the use, control and possession thereof, to the exclusion of the plaintiffs in error. After a hearing on the pleadings and evidence, at the June term, 1909, of the circuit court of Saline county the bill was dismissed for want of equity.

In the case above cited it was held that the decision by the general assemblies of the Cumberland Presbyterian Church and the Presbyterian Church of the United States of America upon the validity of the union was binding upon the civil courts; that those members of the church, whether many or few, who recognized the authority of the general assembly and the validity of the union were entitled to the church property, and that those who did not choose to yield to the judgments of their church judicatories abandoned all interest in the church property. The defendants in error admit that the legality of the union of the two churches must be regarded as settled so far as the courts of this State are concerned. The illegality of the union was the ground of their defense in the circuit court, but it is insisted now that the property here involved is impressed with a specific trust as to its use, which brings it within an exception to the former decision. One tract was conveyed in

trust "for the Cumberland Presbyterian Society for the purpose of a camp ground for divine worship and for a burying ground for the interment of the dead, which shall be free for any orthodox denomination to have divine worship so as not to interfere with the regular rights and privileges of the Cumberland Presbyterian Society." The other tract was conveyed to the trustees of Ewing Presbytery of the Cumberland Presbyterian Church, to be used for church purposes, with a condition of reverter, upon re-payment of the purchase money, if it should cease to be so used. It is argued that these conveyances create a specific trust for the Cumberland Presbyterian Church, and that by a union with the Presbyterian Church of the United States of America the plaintiffs in error have abandoned the Cumberland Presbyterian Church and its trusts.

A conveyance for the general use of a religious congregation is not a conveyance upon a specific trust for the teaching, support or spread of any particular form of religious doctrine or belief. Such specific trust, if created, will be enforced, and a court of equity, when applied to, will prevent the diversion of the property to other uses. This, however, is no case of property devoted to the support of a special religious doctrine or a special form of worship. This property was conveyed by a usual form of conveyance for the unrestricted church purposes of the Cumberland Presbyterian Church. Under the system of ecclesiastical government of that church there exists a series of judicatories,—the session, the presbytery, the synod, the general assembly,—each having its own jurisdiction and appeals lying successively from one to another. The general assembly is the highest authority, and its decision as to questions of faith and doctrine must be accepted as final. The Cumberland Presbyterian Church and the Presbyterian Church of the United States of America having become one church through their union, property held in trust before the union for either one of these churches is now held in

trust for the united church, unless charged with a specific and inconsistent trust.

The decree of the circuit court will be reversed and the cause remanded, with directions to enter a decree perpetually enjoining the defendants in error from interfering with the plaintiffs in error in the use, possession and control of the property described in the bill, and that the defendants in error pay the costs.

*Reversed and remanded, with directions.*