Willard Bartlett, Ch. J.
 

 This is an action in ejectment. The complaint alleges that the plaintiff is a religious corporation organized under the laws of this state; that on or about the 17th day of March, 1908, it owned in fee simple certain described premises in the .city
 
 *214
 
 of New York on West Twenty-tMrd street, near the corner of Seventh avenue, in the borough of Manhattan; and that the defendant on or about the 18th day of March, 1908, unlawfully entered into said premises and ousted the plaintiff therefrom without right or authority of law, and continues unlawfully to withold possession of the same from the plaintiff. The answer denies the allegation of unlawful entry and sets up two separate defenses. The first defense is that the Westminster Presbyterian Church of West Twenty-third Street sometime prior to January 1, 1908, was in pecuniary and spiritual turmoil in consequence of which it was duly dissolved by the Presbytery of New York, which thereupon took possession and charge of the church building, and has conserved the same, in consequence of. which the plaintiff is at present merely a naked church corporation with a board of trustees holding over until such time as under the lawful directions of the Presbytery of New York the ultimate disposition of the property may be provided for. The second defense is the pendency of an action in equity in the Supreme Court wherein the Trustees of the Presbytery of New York are the plaintiffs and the Westminster Presbyterian Church of West Twenty-third Street is the defendant, in which the Presbytery seeks to compel the trustees to convey to the Trustees of the Presbytery the property in controversy. There was a supplemental answer averring that subsequent to the original joinder of issue a period of two years had elapsed since the dissolution of the church by the Presbytery as set out in the original answer; and that thereafter the Presbytery acting in accordance with section 16 of the Eeligious Corporations Law had decided that the Westminster Presbyterian Church of West Twenty-third Street was extinct, which decision empowered the Presbytery to take possession of the temporalities and property belonging to such church and manage the same.
 

 The case has been twice tried. Upon the first trial a
 
 *215
 
 verdict was directed in favor of the plaintiff upon the ground that its title to the property in question was undisputed, and that the Trustees of the Presbytery of New York had no legal right to take and administer the property under the circumstances alleged in the answer. The judgment entered upon that verdict was reversed by the Appellate Division, and upon the trial which now comes up for review, a verdict was directed in favor of the defendant. The judgment upon this last verdict has been affirmed by the Appellate Division, the presiding justice dissenting.
 

 The real property which is the subject-matter of this action originally belonged to the Eighth Avenue Presbyterian Church, to which it was conveyed by two deeds dated February 28th, and recorded on March 16th, 1853.
 

 In the same year the corporate name of the Eighth Avenue Presbyterian Church was changed to the West Twenty-third Street Presbyterian Church under and pursuant to the provisions of chapter 323 of the Laws of 1853.
 

 By an order of the Supreme Court made on April 19, 1889, the West Twenty-third Street Presbyterian Church' was consolidated with the Westminster Presbyterian Church under the corporate name of the Westminster Presbyterian Church of West Twenty-third Street (the plaintiff herein). In the petition of the Westminster Presbyterian Church for this consolidation it is stated that the petitioner “is connected with the Presbytery of New York and is subject to its advice and control.”
 

 The defendant took possession of the property in controversy on March 1Y, 1908. It was stipulated on the trial that the value of the property on that date was $300,000, subject to a mortgage of $60,000 and such liens as might appear on the trial.
 

 As to the plea that another action is pending for the same cause, it appears that in the action thus mentioned the Trustees of the Presbytery are the plaintiffs while the Westminster Presbyterian Church of West Twenty-third
 
 *216
 
 Street is the defendant. To render such a plea available the other action must be one in which the present plaintiff is the plaintiff and the present defendant is the defendant. “If the party who interposes such defence is a "plaintiff in such other action it is no defence although, for the same cause.”
 
 (Walsworth
 
 v.
 
 Johnson,
 
 41 Cal. 61.) “ The very foundation of such a defence is the maxim
 
 nemo debet bis vexarij
 
 and manifestly this can have no application when the first suit is brought, not by, but against, the person who is the plaintiff in the second action.” (Id.)
 

 Before the enactment of chapter 79 of the Laws of 1875 and chapter 110 of the Laws of 1876 “ it had been settled that a religious corporation held its temporalities wholly free from the domination of any ecclesiastical authority, and by a tenure so independent that it could change its creed and denominational character without losing its hold upon its property. Doubtless the acts of 1875 and 1876 were intended to restrain, in some degree, that sort of diversion of church property from one sect to another, for the provision is that the trustees shall hold and administer it according to the rules and usages of the denomination to which the church members of the corporation belong, and shall not divert it to the support of some other disconnected institution.”
 
 (Matter of First Presbyterian Soc. of Buffalo,
 
 106 N. Y. 251, 254.)
 

 The amendments thus referred to by Judge Finch in the case cited have been continued in effect with slight changes in form through various statutes down to the existing Religious Corporations Law (Cons. Laws, ch. 51) and now appear in section 5 of that act.
 

 I am of opinion that the plaintiff corporation having been formed im 1889 by the consolidation of two preexisting church corporations is subject to the obligation first imposed by the act of 1875, and continued ever since, to administer its property in accordance with the discipline, rules and usages of the religious denomination
 
 *217
 
 with which the corporation is connected, namely, the Presbyterian church.
 

 The statute under which the West Twenty-third Street Presbyterian Church was consolidated with the Westminster Presbyterian Church in 1889 was chapter 167 of the Laws of 1880. That act provided that when the prescribed order of consolidation had been made and entered according to the practice of the Supreme Court, “ the said corporations shall be united and consolidated into one corporation by the name designated in the 'order, and it shall have all the rights and powers, and be subject to all the obligations of religious corporations under the act to which this is supplementary, and the acts amendatory thereof and supplementary thereto. ” The act from which this language is quoted was an amendment of chapter 176 of the Laws of 1876, and referring thereto for the purpose of ascertaining what were the obligations to which the consolidated corporation became subject upon the entry of the order of consolidation, we find the following provisions: “The rector, wardens and vestrymen, or the trustees, consistory or session of any church, congregation or religious society, incorporated under any of the laws of this state, shall administer the temporalities thereof and hold and apply the estate and property belonging thereto, and the revenues of the same, for the benefit of such corporation according to the rules and usages of the church or denomination to which said corporation shall belong; and it shall not be lawful to divert such estate, property or revenue to any purpose, except the support and maintenance of any church or religious or benevolent institution or object connected with the church or denomination to which such corporation shall belong. ”
 

 This provision, so far as it commands the administration of the property of a religious corporation in accordance with denominational rules and usages, is substantially the same as the existing provision contained in section 5 of the EeligiouS Corporations Law.
 

 
 *218
 
 From the foregoing statement it is apparent that the two corporations which were consolidated in 1889 voluntarily consented to become component parts of a consolidated corporation whose trustees should be obligated to administer its temporalities and apply its estate and property according to the rules and usages of the Presbyterian church; and, having taken this action voluntarily and without constraint, each of the pre-existing corporations must be deemed to have relinquished and abandoned any right which it might previously have possessed under the law as it existed when such corporation was originally organized, to administer its property irrespective of denominational considerations. In other words, whatever the West Twenty-third Street Presbyterian Church, as the successor of the Eighth Avenue Presbyterian Church, might have done with its real estate if it had never merged its existence with the Westminster Presbyterian Church, as soon as such merger was effected it became liable to the law affecting religious corporations in force at the time of the merger, which law prescribed the administration of its temporalities, including the management of its real estate, in accordance with denominational usage. This conclusion takes out of the present case any question as to the power of the legislature to subject to denominational control the property acquired by a religious corporation prior to the time when the laws of New York first provided for such control; for, as we have seen, the corporation which originally owned the property in controversy consented of its own free will to a change in its corporate character which involved subjection to denominational control in the future.
 

 The Trustees of the Presbytery of New York constitute an ecclesiastical governing body having control over the several Presbyterian churches in the county of New York, including the plaintiff, (Religious Corporations Law, § 15.) As such it has assumed to dissolve -the Westminster Presbyterian Church of West Twenty-third
 
 *219
 
 Street. Its decree of dissolution, however, could extend no further than the ecclesiastical or spiritual side of the plaintiff’s organization; for the Religious Corporations Law confers no power upon such a governing body, or anybody else, to dissolve a religious corporation, considered as a legal entity, in the county of New York. (Religious Corporations Law, § 18.) That county is expressly excepted from the operation of the section cited.
 

 The law of the state of New York prescribing, as it has done ever since 1875, that the temporalities of a religious corporation shall be administered in accordance with denominational usage, contemplates the co-existence of a church in the spiritual sense and a church in the legal sense, working together toward the same beneficent ends. When, however, the superior governing body having authority over the ecclesiastical organization decrees its dissolution, there still remains the legal entity — that is to say, the trustees of the corporation are left in charge of its property, but without any spiritual body to maintain services or carry on religious work therein. The church as a legal corporate entity remains; the church in a spiritual sense is dissolved and gone. What becomes the duty of the trustees under such circumstances
 
 1
 
 They hold the property subject to denominational uses, notwithstanding the dissolution of the spiritual church. The Presbytery cannot oust them from office by dissolving the spiritual church. It may, however, by virtue of its control in ecclesiastical matters, insist that the trustees continue to administer the property for denominational purposes, and if they fail to do so, undoubtedly it would have a standing in a court of equity to enforce action on the part of the trustees to that end.
 

 The Trustees of the Presbytery ousted the plaintiff from the church property in this case and took possession thereof in the first instance under the claim that the Presbytery had the right to do so by virtue of the decree
 
 *220
 
 of ecclesiastical dissolution. Subsequently, after two years had elapsed, the Presbytery sought to justify the ouster and its possession on the ground that it had decided the church to be extinct under section 16 of the Religious Corporations Law. In short, the Presbytery has compelled a non-user of the property by a corporation which was in active being, containing at least 94 voting members, one-half of whom voted against dissolution, and then by reason of such non-user for a period of two years asserts the right itself to appropriate and use the corporate real estate. • A deed of land to a religious corporation is not worth much if it can thus readily be nullified.
 

 In my opinion, the provisions of the Religious Corporations Law relating to the property of extinct churches has no application whatever to such a case as is presented by this record. ■ The facts which constitute extinction within the meaning of the statute are plainly defined in section 16. According to that section a church has become extinct “if it has failed for two consecutive years next prior thereto, to maintain religious services according to the discipline, customs and usages of such governing body, or has had less than thirteen resident attending members paying annual pew rent, or making annual contribution toward its support.” The failure to maintain religious services therein mentioned does not mean an enforced failure due to the mandate of the Presbytery itself. It implies rather the inability to carry on the ordinary services by reason of diminished income and attendance and similar causes. Whatever it means, it clearly was not designed to authorize an enforced extinction such as has been attempted in the present case.
 

 Upon the trial of the action the plaintiff proved all the facts necessary to make but a
 
 prima facie
 
 case in ejectment. It proved title, possession and ouster by the defendant. No defense was established sufficient to justify the direction of a verdict in favor of the defend
 
 *221
 
 ant. The corporation had not been dissolved, for the Presbytery could not dissolve it; the decision that the church had become extinct was not warranted by the evidence, and hence, as.the case stood when all the proof was in, the plaintiff was entitled to a verdict. The plaintiff having the legal title to the property was entitled to the possession thereof so far as appeared from any evidence properly in the record. If, as the defendant asserts, the trustees of the plaintiff corporation are not administering the property in accordance with denominational usage, the'Presbytery has an adequate remedy in equity to compel them to do so; its assertion in that respect does not warrant the defendant in taking away the church edifice from the plaintiff with a strong hand pending the decision of that issue in a court of equitable jurisdiction.
 

 In the opinion of the Appellate Division it is said: “We must accept without questioning the resolution of the Presbytery dissolving the church as a religious body. Thereafter the trustees and other rebellious members of the congregation could not administer the property
 
 of
 
 the congregation in accordance with the discipline, usages, laws and book of government ’ of the church, for they instantly ceased to be such trustees and members respectively, and it was their duty to accept letters of dismission and become communicants of some other congregation of the same denomination.” I cannot agree with the proposition that the trustees of the corporation instantly ceased to be such by reason of the dissolution of the church by the Presbytery. They still remained in law trustees of the real estate and were obligated at all events to care for that property pending a determination as to its future administration by other trustees, if others should thereafter be appointed or elected whose duty it would be to administer the property in accordance with denominational usage. The error which, as it seems to me, pervades the disposition made of this case in the courts
 
 *222
 
 below, is- the idea that the Presbytery could take away from the Westminster Presbyterian Church of West Twenty-third Street all authority and control of its trustees over its real property, and by hostile action appropriate that property to such uses as it saw fit without any legal proceeding to that end, and wholly by the exercise of the ecclesiastical jurisdiction of the Presbytery. This view might be correct if the statute permitted the dissolution of the
 
 corporation
 
 as distinguished from the dissolution of the
 
 church
 
 by the mandate of the Presbytery; but, as has already been pointed out, under the law the Presbytery has no power to dissolve the
 
 corporation.
 

 Subdivision 2 of section 69 of the Eeligious Corporations Law provides that if any trustee of an incorporated church to which the article applies, ceases to he a member of the church his office shall be vacant;, and the contention in behalf of the defendant is, that inasmuch as all the members of the Westminster Presbyterian Church of West Twenty-third Street ceased to be such upon its dissolution by the Presbytery, the trustees were also all removed from office by the Presbytery’s decree of dissolution.. This, I think, would be a forced application of the statutory provision cited,-which plainly was not designed to enable the supervising governing body having ecclesiastical authority over a church, to turn out all its legally chosen trustees for the purpose of gaining control of its real property. The provision is merely intended to apply to vacancies occurring from time to time by reason of changes in membership, as when a member of one congregation leaves the church to unite with another.
 

 In 1899, prior to the commencement of the present action in ejectment, the Trustees of the Presbytery of New York began a suit in equity against the Westminster Presbyterian Church of West Twenty-third Street and its trustees, for an injunction to restrain them from transferring or disposing of any of the real or personal
 
 *223
 
 property of the church and to compel them to convey the same to the Presbytery. The defendants successfully demurred to the complaint in that suit, but the judgment in their favor upon the demurrer was reversed by the Appellate Division with leave to the defendants to withdraw their demurrers and answer. They did not avail themselves of this leave, however, but made default in pleading, whereupon a final judgment was entered against them on April 22, 1911, declaring that the Presbytery of New York had duly dissolved the Westminster Presbyterian Church of West Twenty-third Street by appropriate ecclesiastical proceeding and enjoining the defendants from transferring or disposing of any of the real or personal property of the church unless they should convey it to the Trustees of the Presbytery or to a successor church duly constituted by that body. Leave was granted in this final judgment to apply at the foot thereof for the appointment of a suitable person as trustee to convey the property; and by a subsequent order, granted on June 7,1911, there was added at the foot of the judgment, upon notice to the defendants and against the opposition of their attorney, a clause appointing the New York Trust Company to make, execute and deliver to the Trustees of the Presbytery of New York a conveyance of the church property. It is said in the brief for the respondent that this judgment, whether appealed from or not, will doubtless stand as a final adjudication on the equitable rights of the parties in the premises. The record does not contain the pleadings in that equity suit or disclose what were the precise issues involved therein, but enough appears from the language of the judgment itself to show that the court which rendered it must have assumed the existence of the power on the part of the New York Presbytery to dissolve the church corporation — a power which, as has already been shown, it does not possess. The judgment in the equity suit was not rendered until
 
 *224
 
 long after the first trial of the present action. If the defendant had intended to rely upon it as a bar it should have been set up as such in a second supplemental answer: It does not appear to have been offered as a bar or as an estoppel, and it could not properly have been received as such without having been pleaded as a defense.
 
 (Krekeler
 
 v.
 
 Ritter,
 
 62 N. Y. 372.) The conclusiveness of the judgment as evidence is limited to the facts thereby adjudicated. It is not perceived that it establishes any fact which operates to divest the Westminster Presbyterian Church of West Twenty-third Street of its title to the property in controversy., As a declaration of legal conclusions the judgment has no evidentiary effect. Under the circumstances it is not available to the defendants as an obstacle to the maintenance of the present action.
 

 The judgment should be reversed and a new trial granted, with costs to abide the event.
 

 Werner, Hisoock, Collin, Cuddebaok, Hogan and Cardozo, JJ., concur.
 

 Judgment reversed, etc.