DUVALL et al. v. SYNOD OF KANSAS OF THE PRESBYTERIAN CHURCH IN THE UNITED STATES OF AMERICA et al.†

SHEPHERD et al. v. BARKLEY et al.

(Circuit Court of Appeals, Eighth Circuit.   April 18, 1915.)

Nos. 4288, 4289.

RELIGIOUS SOCIETIES ☞34—UNION OF CHURCHES—VALIDITY.

The agreement of union between the Presbyterian Church in the United States of America and the Cumberland Presbyterian Church, entered into May 24, 1906, was legal and valid, and vested the united church with all property rights of the two constituent organizations.

[Ed. Note.—For other cases, see Religious Societies, Cent. Dig. §§ 209–211; Dec. Dig. ☞34.]

Appeal from the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Suits in equity by the Synod of Kansas of the Presbyterian Church in the United States of America and others against J. W. Duvall and others, and by James M. Barkley, moderator, etc., and others, against J. F. Shepherd and others. Decrees for complainants, and defendants appeal. Affirmed.

For opinion below, see 208 Fed. 319.

Sanford B. Ladd, of Kansas City, Mo., Robert M. Reynolds, of Marshall, Mo., and Waller C. Caldwell, of Trenton, Tenn., for appellants.

Frank Hagerman, of Kansas City, Mo., for appellees.

Before HOOK and CARLAND, Circuit Judges, and AMIDON, District Judge.

CARLAND, Circuit Judge. These are appeals from decrees entered for the complainants in the above-entitled actions, which were brought to quiet the title to certain church property situated in the state of Missouri. Generally speaking the controversy is between the Presbyterian Church in the United States of America and certain persons claiming to represent what was formerly known as the Cumberland Presbyterian Church.

On May 24, 1906, the representatives of the Presbyterian Church and the Cumberland branch thereof, entered into an agreement by the terms of which it was substantially agreed that the two churches should be amalgamated, merged, and united into one church by the

---

name of the Presbyterian Church in the United States of America, which should take, hold, succeed to, and possess all the legal, corporate, and property rights and powers of the separate churches, the same as if it were a continuance of each, and the ministers, officers, and membership of the two separate churches should be that of the consolidated church, with the same force and to the same extent as if the members of each church were admitted to and became members of the other. The consummation of this agreement started a conflagration of litigation only possible over family property. The agreement has been held valid in the following cases:

Federal courts: Sherard v. Walton (D. C.) 206 Fed. 562; Helm v. Zarecor (D. C.) 213 Fed. 648; Sharp v. Bonham (D. C.) 213 Fed. 660.

State courts: Alabama, Harris v. Cosby, 173 Ala. 81, 55 South. 231; Arkansas, Sanders v. Baggerly, 96 Ark. 117, 131 S. W. 49; California, Permanent Committee of Missions v. Pacific Synod, 157 Cal. 105, 106 Pac. 395; Georgia, Mack v. Kime, 129 Ga. 1, 58 S. E. 184, 4 L. R. A. (N. S.) 675; Illinois, First Presbyterian Church of Lincoln v. First Cumberland Presbyterian Church of Lincoln, 245 Ill. 74, 91 N. E. 761, 19 Ann. Cas. 275; Fussell v. Hail, 233 Ill. 73, 84 N. E. 42; Id., below 134 Ill. App. 620, 630; Fancy Prairie Church v. King, 245 Ill. 120, 91 N. E. 776; Pleasant Grove Congregation v. Riley, 248 Ill. 604, 94 N. E. 30; Indiana, Ramsey v. Hicks, 174 Ind. 428, 91 N. E. 344, 92 N. E. 164, 30 L. R. A. (N. S.) 665; Bentle v. Ulay, 175 Ind. 494, 94 N. E. 759; Kentucky, Wallace v. Hughes, 131 Ky. 445, 115 S. W. 684; Mississippi, Carothers v. Moseley, 99 Miss. 671, 55 South. 881; Missouri, Hayes v. Manning, 172 S. W. 897; Missouri Valley College v. Guthrie, 172 S. W. 909, decided December 1, 1914; Oklahoma, First Presbyterian Church v. Cumberland Presbyterian Church, 34 Okl. 503, 126 Pac. 197; Texas, Brown v. Clark, 102 Tex. 323, 116 S. W. 360, 24 L. R. A. (N. S.) 670.

That the several complainants are proper class representatives of the Presbyterian Church, and that no indispensable defendants were omitted has been determined by the cases of Smith v. Swormstedt, 16 How. 308, 14 L. Ed. 942; Watson v. Jones, 13 Wall. 679, 20 L. Ed. 666; Helm v. Zarecor, 222 U. S. 32, 32 Sup. Ct. 10, 56 L. Ed. 77; Wheelock v. First Presbyterian Church, 119 Cal. 481, 51 Pac. 841; 1 Blackstone, 483; Dartmouth College v. Woodward, 4 Wheat. 518, 4 L. Ed. 629; Westminster Church v. Trustees of New York Presbytery, 142 App. Div. 855, 127 N. Y. Supp. 836; Free Church of Scotland Appeals [1904] L. R. App. Cas. 515, 517; Sharpe v. Bonham, 224 U. S. 241, 32 Sup. Ct. 420, 56 L. Ed. 747; Bacon v. Robertson, 18 How. 480, 15 L. Ed. 499; U. S. v. Old Settlers, 148 U. S. 427, 13 Sup. Ct. 650, 37 L. Ed. 509; Wallace v. Adams, 204 U. S. 415, 27 Sup. Ct. 363, 51 L. Ed. 547; American Steel & Wire Co. v. Wire Drawers, etc., Unions (C. C.) 90 Fed. 598; Revised Statutes of Mo. 1909, § 2535.

In regard to the plea of res adjudicata arising from the judgment in Turk v. Mitchell, it seems that the decree entered below was without prejudice to the rights of the parties to the property of the Mt. Carmel Cumberland Presbyterian Church. Of this action of the trial

court we do not think counsel can complain. Counsel for appellants frankly state that they relied largely in taking these appeals on the case of Boyles v. Roberts, 222 Mo. 613, 121 S. W. 805. Since the appeals were taken this case has been overruled by the same court in Hayes v. Manning (December 1, 1914) 172 S. W. 897. As the property in litigation is located in the state of Missouri, we should regard the determination of the Supreme Court of Missouri as to the rights of the parties in this litigation as very persuasive.

Learned and able opinions have been written in all the cases cited, wherein all that can be said for and against the validity of the contract of union has been stated. In view of these decisions, which constitute an overwhelming weight of authority, we feel that no duty rests upon us to add anything to what has been said in the different opinions, including the trial court in Barkley v. Hayes (D. C.) 208 Fed. 319, in which we fully concur.

The decrees appealed from are affirmed.