(170 App. Div. 439)

WESTMINSTER PRESBYTERIAN CHURCH OF WEST TWENTY–THIRD ST. v. TRUSTEES OF PRESBYTERY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 10, 1915.)

1. JUDGMENT ☞621—MATTERS CONCLUDED—STARE DECISIS.

A prior judgment, affirmed on appeal, in an equitable action between the same parties and involving the same subject-matter, is stare decisis against the interposition of the same matters as equitable defenses in a subsequent ejectment suit.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1135; Dec. Dig. ☞621.]

2. APPEAL AND ERROR ☞1097—SCOPE OF REVIEW—SECOND APPEAL.

Where the evidence on a second trial, after appeal to and determination by the Court of Appeals, is not materially different upon the issue of defendant's right to possession of property involved from that on the first trial, the appellate division on a second appeal cannot again consider the question.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4358–4368, 4427; Dec. Dig. ☞1097.]

3. EJECTMENT ☞126—PROPERTY—ACTIONS—AMOUNT OF DAMAGE.

The action is for damages for wrongfully withholding possession of premises claimed by a church. The plaintiff religious society had title

to the property, but its use was restricted to religious purposes. During the time plaintiff was deprived of possession the property was used for church meetings. *Held*, that the evidence did not sufficiently show that the plaintiff was entitled to more than nominal damages, the religious use according to the former denominational usage not having been interrupted.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. § 437; Dec. Dig. ☜126.]

4. EVIDENCE ☜572—OPINION EVIDENCE—VALUE.

Where the only evidence on the question of amount of damages to which a religious society was entitled for loss of possession of its property was that of a real estate agent, who had had no experience in renting church property, who had known of but one arrangement as to renting such property, and who could give no evidence with respect to the demand for the use of property for such purposes, and whose opinion concerning the rental value of the property was an estimate of the rental value on the theory of unrestricted use for all purposes, when the use of plaintiff was restricted to religious purposes, has no probative value.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2395–2398; Dec. Dig. ☜572.]

McLaughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by the Westminster Presbyterian Church of West Twenty-Third Street, a religious corporation, against the Trustees of the Presbytery of New York, a corporation. From a judgment on directed verdict as to right of possession, and on undirected verdict as to damages, defendant appeals. Modified and affirmed.

See, also, 152 App. Div. 949, 137 N. Y. Supp. 1148; 168 App. Div. 823, 154 N. Y. Supp. 361.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Rush Taggart, of New York City, for appellant.

Richmond J. Reese, of New York City (A. Delos Kneeland, of New York City, on the brief), for respondent.

LAUGHLIN, J. This is an action in ejectment to recover the possession of the premises known as 208, 210, 212, 214 West Twenty-Third street, borough of Manhattan, New York, upon which is erected a church known as the Westminster Presbyterian Church of West Twenty-Third street and a rectory connected therewith, and for damages for the use and occupation of the property. The jury rendered a verdict of $55,000 for the loss of the use and occupation, but the trial court reduced it to $19,477.27, and, the court having ruled as matter of law that the plaintiff was entitled to possession, the judgment from which the appeal is taken was entered on such ruling and on the verdict as thus reduced.

On the first trial of this action a verdict was directed in favor of the plaintiff, and on appeal this court, the Presiding Justice dissenting, reversed the judgment entered upon that verdict and granted a new trial. Westminster, etc., v. Trustees, etc., 142 App. Div. 855, 127 N. Y. Supp. 836. An appeal was taken from our decision, but it

was dismissed. 202 N. Y. 581, 96 N. E. 1134. On the second trial of the issues a verdict was directed in favor of the defendant on the authority of our decision on the first appeal, and this court affirmed the judgment on the authority of our former decision. 152 App. Div. 949, 137 N. Y. Supp. 1148. An appeal was then taken to the Court of Appeals, and the judgment was reversed, and a new trial granted. 211 N. Y. 214, 105 N. E. 199.

A suit in equity was brought by the defendant herein against the plaintiff herein to enjoin the plaintiff in this action from selling or transferring the property of the Westminster Presbyterian Church of West Twenty-Third street, and to compel it to transfer and convey the property to the plaintiff therein, and a demurrer to the complaint was interposed. On the trial of that issue the demurrer was sustained, and the plaintiff therein having failed to amend pursuant to leave granted by the interlocutory judgment, final judgment was entered dismissing the complaint. An appeal from that judgment was taken and heard by this court at the same time that the appeal in the ejectment action was first presented here, and we reversed the interlocutory and final judgments, and gave the defendant leave to withdraw its demurrer, and gave plaintiff leave to serve a supplemental complaint setting forth more fully the adjudications by the supreme judicatory of the church with respect to the right of the plaintiff in the action to establish a new church in place of the church which had been dissolved, so far as it was within the jurisdiction of the church authorities to dissolve it, and with respect to the action of the church authorities in declaring the church extinct. The defendant in that action failed to avail itself of the leave granted to withdraw the demurrer and plead over, and final judgment was entered in favor of the plaintiff therein for the relief demanded. This court reversed that judgment and dismissed the complaint on the authority of the decision of the Court of Appeals in the ejectment action. Trustees, etc., v. Westminster Presbyterian Church, etc., 165 App. Div. 910, 150 N. Y. Supp. 1115.

[1] We are informed by the briefs that an appeal from our decision in the equity action is now pending in the Court of Appeals. The last decision by this court in that action is stare decisis against appellant on the equitable defenses attempted to be interposed in this action. The issues in this action were again tried, with the result already stated, and the appeal now before the court is from the judgment entered after the third trial.

[2] We do not deem it necessary to consider further the arguments made on behalf of the appellant, upon which it claims the right to retain the possession of the premises, for the facts shown upon the last trial are not materially different from those in the record upon which the Court of Appeals on the former appeal herein held that, since it was not competent for the presbytery to dissolve the church corporation as a legal entity, the latter was entitled to possession.

[3] The only question which has not been foreclosed by the decision of the Court of Appeals relates to the damages recoverable by the plaintiff. The views of the members of the court are not in accord as to whether the Court of Appeals intended to hold that the plaintiff's

possession of the property is subject to the direction, supervision, and control of the presbytery with respect to the use thereof, or that plaintiff is entitled to manage and control the property, free from such direction, control, and supervision, subject only to its legal duty to use the property for religious worship according to the rules and usages of the Presbyterian Church, with which before its dissolution as a spiritual body it had been connected and affiliated, and to the intervention of a court of equity to enforce compliance with its duty in that regard, and in the view we take of the case it is not necessary to decide that question, for it is perfectly clear that the Court of Appeals decided that the property must be administered in accordance with the denominational usages of the Presbyterian Church, and the evidence is uncontroverted that notwithstanding the fact that the plaintiff was ousted from possession the property has at all times been administered for public religious worship in accordance with such usages. It is therefore not clear that plaintiff would be entitled on any theory to recover more than nominal damages for the withholding of the possession of the property from it, and certainly not on the theory on which the case was tried. On the part of the defendant evidence was given tending to show that the property thus restricted with respect to its use was without rental value.

[4] The only damages attempted to be shown by the plaintiff relate to rental value. The evidence was given by a real estate agent, who had had no experience in renting church property, and had only known of a single arrangement between two congregations with respect to renting the use of a property for religious worship, and he gave no evidence with respect to a demand for the use of such property for such purpose in the locality in question. His testimony with respect to the rental value of the property was based on his opinion concerning the value of the property, and consisted of an estimate of rental value on the theory of the unrestricted use of the property for either church or commercial purposes, and with alterations necessary to render it available for commercial uses. In view of the use to which the legal owner of the title was restricted, it is manifest that the opinion of the expert has no probative value.

It follows, therefore, that the judgment should be modified, by reducing the recovery to 6 cents nominal damages, and, as thus modified, affirmed without costs. Settle order on notice.

INGRAHAM, P. J., and SCOTT and DOWLING, JJ., concur.

McLAUGHLIN, J. (dissenting). I am unable to concur in the prevailing opinion for the following reasons: When this case was before the Court of Appeals, it held, as I read the opinion of Chief Judge Bartlett, that the action of the Presbytery of New York in decreeing a dissolution of the plaintiff extended only to its ecclesiastical or spiritual side; that, notwithstanding the fact that the legal entity of the plaintiff remained, the defendant, by virtue of its control in ecclesiastical matters, could insist that the property be used as it directed for denominational purposes. He said:

"When, however, the superior governing body having authority over the ecclesiastical organization decrees its dissolution, there still remains the legal entity; that is to say, the trustees of the corporation are left in charge of its property, but without any spiritual body to maintain services or carry on religious work therein. The church, as a legal corporate entity, remains. The church, in a spiritual sense, is dissolved and gone. What becomes the duty of the trustees under such circumstances? They hold the property subject to denominational uses, notwithstanding the dissolution of the spiritual church. The presbytery cannot oust them from office by dissolving the spiritual church. It may, however, by virtue of its control in ecclesiastical matters, insist that the trustees continue to administer the property for denominational purposes, and, if they fail to do so, undoubtedly it would have a standing in a court of equity to enforce action on the part of the trustees to that end."

The respondent insists that it has a right to use the property for such religious services as it sees fit, freed from any control or dictation of the presbytery. This, it seems to me, the Court of Appeals decided it could not do; that, while it had the legal title, the use to which the property should be put was subject to the control of the presbytery. The judgment appealed from determines that the plaintiff has "the record title in fee simple." If it has such title, without limitation or qualification, then it may sell the property or use it in any way it desires. Under the pleadings as amended the court can exercise its equitable powers and grant such decree as justice requires.

The judgment appealed from, therefore, as it seems to me, should, in addition to the modification suggested by Mr. Justice LAUGHLIN, be further modified by stating that, while the plaintiff has the legal title, it can only use or dispose of the property as the presbytery may direct. An affirmance of the judgment without qualification would, in effect, nullify or destroy the limitation put upon plaintiff's title by the Court of Appeals.