HARLEM CHURCH OF THE SEVENTH DAY ADVENTISTS, Appellant, *v.* GREATER NEW YORK CORPORATION OF SEVENTH DAY ADVENTISTS et al., Respondents.

(Argued October 14, 1935; decided November 19, 1935.)

*Nathan Lieberman* for appellant. The appellant never having rebelled or seceded, it cannot be deprived of its property. (Cons. Laws, ch. 51, § 5; *Westminster Church* v. *Presbytery of New York*, 211 N. Y. 214; *Trustees of Presbytery* v. *Westminster Church*, 222 N. Y. 305.) The implication of a trust as found by the trial court was proper. (*Beatty* v. *Guggenheim Exploration Co.*, 225 N. Y. 380; *Sinclair* v. *Purdy*, 235 N. Y. 245; *Wood* v. *Rabe*, 96 N. Y. 414; *Goldsmith* v. *Goldsmith*, 145 N. Y. 313; *Canda* v. *Totten*, 157 N. Y. 281.)

*Jay Noble Emley* and *Julius Lerner* for respondents. There is no basis in law for implying a trust. (*Leary* v. *Corvin*, 181 N. Y. 222; *Sinclair* v. *Purdy*, 235 N. Y. 245; *Trustees of Presbytery* v. *Westminster Church*, 222 N. Y. 305.)

*Per Curiam.* The plaintiff, a religious corporation, appeals from a judgment of reversal by the Appellate Division resulting in a dismissal of the complaint.

This action is for specific performance of an alleged oral agreement by the defendants (one the Greater New York Corporation of Seventh Day Adventists, the central

corporate body of the denomination which holds title to the temporal property of the denomination, and the other the Greater New York Conference of Seventh Day Adventists, its highest ecclesiastical governing body) to hold in trust and to convey the present church property to the plaintiff, a religious corporation which formerly held title to a church building earlier used and deeded to the defendant corporation upon its demand made pursuant to a rule of the denomination requiring all church property in the jurisdiction of the defendant conference to be held in the name of the defendant corporation. The plaintiff relies upon evidence that the denomination made oral representations justifying a conclusion that the present church property would be held in trust and that the church could demand a conveyance of the property whenever it so desired.

This is not a case where the record title to the church property still remains in the individual church (*Westminster Presbyterian Church* v. *Trustees of Presbytery of New York*, 211 N. Y. 214; *Trustees of Presbytery of New York* v. *Westminster Presbyterian Church*, 222 N. Y. 305), but one where the title is in the central body pursuant to a rule of the denomination. The evidence does not warrant a finding that a trust arose by implication of law. The relationship between the parties negatives any unjust enrichment (*Trustees of Presbytery of New York* v. *Westminster Presbyterian Church, supra*), and the large sums of money contributed by the congregation of the plaintiff were specifically donated for foreign missions, harvest gatherings and tithes. The evidence offered to show an express trust at most reveals an agreement to hold the property for use as a church by the congregation of the plaintiff so long as it abided by the tenets of the faith and complied with the rules of the denomination.

The plaintiff cannot justly complain of its expulsion, since it permitted to go by default formal charges that it

had violated the denominational regulations and had seceded from the denomination.

Upon the argument, however, counsel for the respondents insisted that the central denomination has absolute rights in the property. The central denomination, however, cannot and doubtless does not desire to deprive communicants who have been members of the plaintiff congregation from affiliating with the congregation which will worship in the property formerly used by the plaintiff, providing all such members observe the tenets of the faith and the rules of the denomination. In this connection, we observe that at the time it expelled the plaintiff the conference passed a resolution providing that members of the plaintiff congregation who publicly professed their loyalty to the denomination and their desire to continue therein be reorganized into a new church, to continue the work of the denomination. Still, this resolution may be rescinded. In order that no such situation shall arise, the judgment should be amended so as to secure this right to the members of the old congregation. The title held by the denomination is subject to a beneficial use in the members of the old congregation who desire to affiliate with the new congregation and observe faithfully the tenets of the faith and the rules of the denomination, even though they may have been hostile during the course of this litigation. No member should be discriminated against for this cause alone.

The judgment should be modified in accordance with this opinion and as so modified affirmed, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur; CROUCH, J., not sitting.

Judgment accordingly.