WALTER C. CRAWFORD et al., Plaintiffs, *v.* SOLOMON FREEMAN et al., Defendants.

Supreme Court, Special Term, Kings County, May 26, 1947.

*Lewis S. Flagg, Jr.,* for plaintiffs.

*Clarence N. Johnson* for defendants.

HALLINAN, J. Application by plaintiffs for a temporary injunction restraining defendants from interfering with or preventing plaintiff Lockwood from exercising his functions, duties and powers as pastor of St. John's African Methodist Episcopal Church.

Plaintiff New York Annual Conference of the African Methodist Episcopal Church (hereinafter called " Conference ") is a corporation organized under the laws of the State of New York and is the governing body of the African Methodist Episcopal Church (hereinafter called " A. M. E. Church ") in said State. Plaintiff Crawford is a minister of the A. M. E. Church and presiding elder of the Conference. Plaintiff Lockwood is a minister of the A. M. E. Church and a member of the Conference. Defendant St. John's A. M. E. Church is a religious corporation organized under the laws of the State of New York. The individual defendants are trustees of St. John's A. M. E. Church, one of them being a minister and former pastor of said church.

In June, 1946, the Bishops' Council appointed Bishop R. R. Wright, Jr., to have full authority over the Conference in place of Bishop Sims. In another action (*Washington* v. *Wright,* 188 Misc. 28), it was held that the Bishops' Council had the power to appoint Bishop Wright to preside over the Conference. Defendants, however, passed a resolution in which they expressed their disapproval of the Bishops' action in removing Bishop Sims and resolved that the St. John's A. M. E. Church declare its independence and severance from the Conference and any affiliation with the A. M. E. Church, and further declare its independence as a separate and distinct religious group. They further resolved that the St. John's A. M. E. Church be dissolved and that the religious corporation reorganize a new religious corporation under the name " St. John's Community Church " to which the property of the St. John's A. M. E. Church was to be transferred. This resolution was adopted by a majority vote of the board of trustees on March 16, 1947, and approved at a meeting of the St. John's A. M. E. Church (presumably by the members thereof) on April 21, 1947.

Defendant Freeman in his opposing affidavit admits that the St. John's A. M. E. Church was bound by the A. M. E. Discipline while it retained its membership, but claims that it was " always at liberty to give up its membership and to declare its intention to operate as an independent unit and there is nothing in the A. M. E. Discipline that would prevent it." This is not strictly true. Section 6 of the " Worship and Ritual ", contained in the A. M. E. Discipline, page 458, in speaking of the " Dedication of Churches " says that the keys shall be presented to the Bishop " in token of the fact that they will ever after submit to the discipline, doctrine and government of the African Methodist Episcopal Church * * *." Assuming, however, that the above-quoted language does not forbid secession, in the absence of provision therefor, the question must be determined by the State law. It would seem that a member church does not possess this power.

In *Trustees of Presbytery* v. *Westminster Church* (222 N. Y. 305, 315) the Court of Appeals, in construing section 5 of the Religious Corporations Law, said: " The meaning and effect of this language seem to be pretty plain and to be utterly opposed to defendants' claim. There appears to be no doubt that under it a church which has become affiliated with and a constituent part of the church at large and as such has acquired property, would be compelled while this relationship continued to submit to the government of such church at large. Thus plainly says the statute. The only question which would remain would be whether by rebellion or secession a constituent church can terminate the relationship and become free from such obligations and control and we think that this question quite answers itself. It cannot." Section 5 of the Religious Corporations Law was intended to restrain the diversion of church property from one sect to another. (*Westminster Church* v. *Presbytery of N. Y.*, 211 N. Y. 214, 220.) The St. John's A. M. E. Church was incorporated in 1910 and acquired its church property in 1922. It holds its property subject to the provisions of section 5 of the Religious Corporations Law.

On April 18, 1947, Bishop Wright suspended defendant Freeman from the pastorate of the St. John's A. M. E. Church and appointed plaintiff Lockwood as pastor. This he had the power to do under the A. M. E. Discipline. (§§ 132 and 133, p. 160.) Section 43 of the A. M. E. Discipline provides that the trustees shall not in any manner prevent, interfere with or obstruct a bishop, minister or preacher of the A. M. E. Church from preaching or serving as pastor.

Accordingly, under the A. M. E. Discipline, to which the defendant church and defendant trustees are subject, the plaintiffs are entitled to a temporary injunction restraining the defendants from interfering with plaintiff Lockwood's right to act as pastor of said church and further restraining them from transferring the church property to another corporation. Settle order on notice, providing for an undertaking in the sum of $250.