In the Matter of the PRESBYTERY OF ALBANY. SECOND UNITED PRESBYTERIAN CHURCH OF JOHNSTOWN, Appellant; PRESBYTERY OF ALBANY, Respondent.

Third Department, November 12, 1970.

*Harold E. Blodgett* (*Robert W. Zeuner* of counsel), for appellant.

*Raymond P. Ham* (*Duncan S. MacAffer* of counsel), for respondent.

GREENBLOTT, J.   This is an appeal from an order of the Supreme Court at Special Term, entered July 8, 1970 in Fulton County, which denied a motion to vacate an order of said court ordering the dissolution of the Second United Presbyterian Church of Johnstown, New York, and the vesting of its property and assets in the Presbytery of Albany.

Appellant church was organized in 1828, and incorporated in 1831 as the Associate Presbyterian Congregation of Johnstown. Subsequently it became affiliated with the United Presbyterian Church of North America, which merged with the Presbyterian Church in the United States of America in 1958 to form the United Presbyterian Church in the United States of America. On September 14, 1969 appellant attempted to withdraw from the United Church on the basis of a doctrinal dispute. Respondent dissolved appellant pursuant to its Canon Law, resulting in this dispute over appellant's assets.

Section 17-b of the Religious Corporations Law provides: '' Whenever the presbytery having jurisdiction over a particular church in connection with the General Assembly of the United Presbyterian Church in the United States of America dissolves or declares extinct the particular church   *   *   *   the court shall have jurisdiction to grant an order to the effect that all property of whatever kind which may have belonged to, or have been held by, said church shall vest in the presbytery of jurisdiction ''.   Appellant contends that it was never subject to respondent's jurisdiction but was at all times merely an associate member of the larger church and not controlled by section 17-b.

Religious organizations may generally be categorized as congregational or hierarchial, depending upon the basis of the gov-

erning power.  The Presbyterian Church is hierarchial in nature (*Knight* v. *Presbytery of Western New York,* 26 A D 2d 19), since it is organized as a body composed of churches "having similar faith and doctrine with a common ruling convocation or ecclesiastical head" (*Kedroff* v. *St. Nicholas Cathedral,* 344 U. S. 94, 110).

The United Presbyterian Church in the United States is comprised of four main judicatories, namely, the General Assembly, the Synod, the Presbytery and the Session of the local church, vested with authority, in the above order, in the government of the church.  The judicatories exercise jurisdiction with higher judicatories empowered to assume jurisdiction from lower bodies in certain administrative or judicial cases (Book of Discipline of the United Presbyterian Church, ch. 2).  It is a fundamental principle of the Presbyterian Church "that the several different congregation of believers, taken collectively, constitute one Church of Christ" with a "larger part of the church or a representation of it" governing a smaller church.  (The Constitution of the United Presbyterian Church in the United States of America, 1965–1966, p. 120.)

No authorization exists in the constitution, or regulations of the United Presbyterian Church for a church or its minister to be an "associate" member thereof, as appellant claims to be, unbounded by the laws and regulations of the general church. On the contrary, the power of the Presbytery to govern the churches within its jurisdiction is well settled.  Subdivision B of chapter II of Presbyterian Law for the Presbytery provides that the Presbytery is the organizational unit possessing original authority and general powers.

Furthermore, appellant has consistently recognized the authority of the Presbytery of Albany and submitted to its jurisdiction pursuant to the hierarchial scheme. For years appellant was listed as a member of the Presbytery of Albany, was supplied with pastors, made contributions to the Presbytery, and was under its care.  The minutes of the Session of appellant church were regularly submitted and approved by the Presbytery of Albany as required.  Appellant's minister at the time of dissolution was installed by the Presbytery of Albany pursuant to church law.  The church consulted with the Presbytery's Ministerial Relations Committee and the "call" was presented by representatives of appellant to the Presbytery at a meeting thereof.  The minister became a member of the Presbytery and took part and voted at its meetings.  The minister and appellant's ruling elders served as officers and members of committees of the Presbytery and participated in the meet-

ings of the Synod of New York. In 1968 appellant's pastor became a candidate to represent the Presbytery at the annual meeting of the General Assembly.

Appellant also contends that during its existence " all assets and property continued to be held in the name of the local congregation only ". It is therefore argued that section 17-b of the Religious Corporations Law is unconstitutional because it adversely affects property rights vested prior to its enactment. We disagree. Appellant was reincorporated in 1966 under the Religious Corporations Law as the Second United Presbyterian Church of Johnstown. Section 63 of that statute provides for incorporation of Presbyterian churches only " in connection with the United Presbyterian church in the United States of America ". Since the only " connection " recognized by the United Presbyterian Church between it and a local church is one whereby such local church is subject to the authority of the hierarchy, it is apparent that submission to such authority was a condition of incorporation. Moreover, by its reincorporation in 1966, appellant church became subject to the provisions of the Religious Corporations Law as they existed at that date and therefore became subject to the jurisdiction of the hierarchy in matters affecting pastoral relations (Religious Corporations Law, § 61), the nomination and election of trustees (Religious Corporations Law, § 64), corporate meetings (Religious Corporations Law, § 65), and the administration of church property (Religious Corporations Law, § 69). (See *Westminster Presbyt. Church* v. *Trustees of Presbytery of New York,* 211 N. Y. 214.)

It has been the law of this State since 1875 that the temporalities of a religious corporation should be administered in accordance with the rules and usages of the denomination to which the church members of the corporation belong (*Westminster Presbyt. Church* v. *Trustees of Presbytery of New York, supra*). The mere fact that the local church holds legal title to its property does not free it from the obligation to administer it in accordance with ecclesiastical rule (*Barkley* v. *Hayes,* 208 F. 319, affd. *sub nom. Duvall* v. *Synod of Kansas,* 222 F. 669, affd. *sub nom. Shepard* v. *Barkley,* 247 U. S. 1; *Trustees of Presbytery of N. Y.* v. *Westminster Presbyt. Church,* 222 N. Y. 305). Moreover, the authority granted the Presbytery under section 17-b is based upon the historical statutory right of the governing body of the church to succeed to the assets of a subordinate member which for certain specified reasons it had declared to be extinct (Religious Corporations Law, § 16, see *Westminster Presbyt. Church* v. *Trustees of Presbytery,* 142 App. Div. 855). The decision of the Presbytery that all assets be forfeited

256

by appellant church, being a property decision of a hierarchial polity based upon ecclesiastical law may be constitutionally enforced by the courts (*Watson* v. *Jones,* 13 Wall. [80 U. S.] 679).

Section 17-b of the Religious Corporations Law does no more than provide for such enforcement in a manner which interferes neither with the control of ecclesiastical polity nor church doctrine.

The order should be affirmed, without costs.

HERLIHY, P. J., REYNOLDS, COOKE and SWEENEY, JJ., concur.

Order affirmed, without costs.