# PENINSULAR IRON COMPANY *v.* STONE.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE SOUTHERN DISTRICT OF IOWA, EASTERN DIVISION.

Argued April 18, 1887. — Decided May 2, 1887.

The rights of each and all of the parties in this case being separate and distinct, but depending on one contract, they elected to join in enforcing the common obligation; and, as one citizen of Ohio is a necessary party on one side, and another citizen of that state a necessary party on the other, with interests so conflicting that the relief prayed for cannot be had without keeping them opposed, the cause is remanded (with costs against the appellants in this court) to the Circuit Court with directions to dismiss it for want of jurisdiction.

THIS was a bill in equity to compel an accounting. The case is stated in the opinion of the court.

*Mr. Andrew Howell* for appellants. The court did not desire to hear further argument. *Mr. W. A. Underwood* filed an argument and brief for appellants.

*Mr. James H. Anderson* filed a brief for appellees.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is an appeal from a decree dismissing the bill in a suit in equity begun by certain citizens of Michigan and Samuel M. Carpenter, Charles Wason, and Leander M. Hubby, citizens of Ohio, against Andros B. Stone, a citizen of New York, The St. Louis, Keokuk and Northwestern Railway Company, an Iowa corporation, the Chicago, Burlington and Quincy Railroad Company, an Illinois corporation, and Dan. P. Eels, a citizen of Ohio, to bring the defendants Stone and Eels to an accounting under a certain contract made by Stone with the complainants and others, by which he was to purchase the property of the Mississippi Valley and Western Railway Company, about to be sold under a decree of foreclosure, and hold the same in

trust for such of the holders of the bonds secured by the foreclosed mortgage as should surrender their bonds to him for use in paying the purchase-money, and contribute such further sums in cash as should be necessary to enable him to meet the obligations of his bid at the sale. According to the allegations of the bill the defendant Eels became a trustee of the proceeds of a sale of the purchased property, made by Stone for the benefit of the parties in interest, which he has misappropriated and claims to hold in connection with Stone, adversely to the complainants and others in like interest. The character of the controversy is such that all the citizens of Ohio, who are parties to the suit, cannot be placed on one side so as to give the Circuit Court jurisdiction, under the construction which was given the second section of the act of March 3, 1875, c. 137, 18 Stat. 470, in the *Removal Cases*, 100 U. S. 457, the first section being the same as the second so far as this question is concerned.

In *Strawbridge* v. *Curtiss*, 3 Cranch, 267, decided in 1806, it was held: "Where the interest is joint, each of the persons concerned in that interest must be competent to sue, or liable to be sued, in those courts." "But," it was added, "the court does not mean to give an opinion in the case where several parties represent several distinct interests, and some of those parties are, and others are not, competent to sue, or liable to be sued, in the courts of the United States." In *New Orleans* v. *Winter*, 1 Wheat. 91, decided in 1816, a suit had been brought in the District Court for the District of Louisiana by the heirs of Elisha Winter, deceased, to recover possession of certain lands under an alleged grant from the Spanish government. One of the plaintiffs could sue in the courts of the United States, but the others could not, and the question of jurisdiction in the District Court was raised. Chief Justice Marshall, in delivering the opinion of the court, after referring to what had been decided in *Strawbridge* v. *Curtiss*, said: "In this case, it has been doubted, whether the parties might elect to sue jointly or severally. However this may be, having elected to sue jointly, the court is incapable of distinguishing their case, so far as respects jurisdiction, from one in which

they were compelled to unite." It was consequently held that the District Court had no jurisdiction, and its judgment was reversed. This rule has been adhered to steadily ever since; *Barney* v. *Baltimore*, 6 Wall. 280, 287; *Coal Company* v. *Blatchford*, 11 Wall. 173, 174; *Sewing Machine Cases*, 18 Wall. 553, 574; and in removal cases, under § 2 of the act of 1875, it has uniformly been applied, unless there is a separable controversy. *Removal Cases*, 100 U. S. 457; *Blake* v. *M'Kim*, 103 U. S. 336, *Hyde* v. *Ruble*, 104 U. S. 407, and numerous cases since.

In the present case the rights of each and all of the parties depend on the alleged contract with Stone, and although, as between themselves, they have separate and distinct interests, they join in a suit to enforce an obligation which is common to all. There is but a single cause of action, and while all the complainants need not have joined in enforcing it, they have done so, and this, under the rule in *New Orleans* v. *Winter*, controls the jurisdiction. It is, therefore, a suit to which citizens of Ohio are parties on one side and a citizen of Ohio a party on the other, with interests so conflicting that the relief prayed cannot be had without keeping them on opposite sides of the matter in dispute. It follows that the Circuit Court was without jurisdiction, and could not render a decree dismissing the bill on its merits. For this reason the decree must be reversed, *Continental Insurance Co.* v. *Rhoads*, 119 U. S. 237, 239, and cases there cited; but as the error is attributable to the present appellants, whose duty it was to make the jurisdiction appear, the reversal will be at their costs in this court. *Everhart* v. *Huntsville College*, 120 U. S. 223.

> *The decree is reversed and the cause remanded, with directions to dismiss the bill for want of jurisdiction, and without prejudice.*