## WOODRUM v. CLAY et al.

*(Circuit Court, D. Kansas. February 21, 1888.)*

1. ANIMALS—INFECTIOUS DISEASES—TEXAS-FEVER ACT—PARTIES.

In an action under Comp. Laws Kan. 1885, c. 105, § 80, for damages for illegally driving cattle into the state which communicated the Texas fever to plaintiff's cattle, and, to make such damages a lien on the cattle, the purchasers of the cattle who have assumed the liability for damages are properly joined as defendants, and a personal judgment may be had against them as well as against the vendor.

2. REMOVAL OF CAUSES—CITIZENSHIP—ADVERSE INTEREST.

In an action under Comp. Laws. Kan. 1885, c. 105, § 80, for damages for illegally driving cattle into the state which communicated the Texas fever to plaintiff's cattle, brought against the importer and the purchasers, who had assumed the liability, the importer's interest is not adverse to that of the purchasers, so as to justify his classification as a plaintiff, and thereby give defendants a right of removal, on the ground of citizenship, to the federal courts.

3. SAME—SEPARATE CONTROVERSY—ALIENS.

Under the removal acts of 1875 and 1887, the right to remove a separate controversy is confined to citizens of different states, and these acts repeal the act of July 27, 1866, and Rev. St. U. S. § 639, cl. 2, giving this right to aliens.

4. SAME—SEPARATE CONTROVERSY—PARTNERSHIP.

An action on a partnership obligation is not separable, so as to entitle one partner to remove it on the ground of citizenship.

On Motion to Remand to the State Court.

*Rossington, Smith & Dallas* and *J. W. Rector*, for plaintiff.

*A. S. Wilson* and *Guthrie & Guthrie*, for defendants Clay, Robinson & Co.

FOSTER, J. The plaintiff, J. G. Woodrum, brought his suit in the district court of Washington county, Kansas, against Clay, Robinson & Co., a firm composed of John Clay, Jr., William H. Forrest, both aliens and subjects of Great Britain, and Charles Robinson, a citizen of Illinois, and George S. Elwood and the Washington National Bank, both citizens of the state of Kansas. Clay, Robinson & Co. removed the case to this court, and the plaintiff moves to remand it to the state court.

The exact ground upon which the right of removal is claimed does not appear in the petition. However, it is not placed upon the ground of local prejudice, nor that there is a separable controversy in the case; but the citizenship of the different parties is set out, and the amount in controversy stated, and a general application made to remove to this court. The defendant bank claims some interest in the recovery against defendants, and its interest is really on the side of the plaintiff. The cause of action alleged against Clay, Robinson & Co. is on a written agreement, given by them to their co-defendant Elwood, whereby they purchased a lot of cattle of said Elwood, and, as part consideration thereof, assuming and agreeing to pay all damages which the plaintiff, Woodrum, has sustained by reason of said cattle having communicated the Texas or Spanish fever to the cattle of said plaintiff. It is further charged that defendant Elwood drove the cattle from the territory south of Kansas into this

state in violation of an act of the legislature, which act imposes a punishment for its violation, and makes the person guilty liable for all damages caused to any party from such fever being communicated by said cattle, and makes such damage a lien upon the cattle so communicating such disease. Comp. Laws 1885, p. 932. Clay, Robinson & Co. bought the cattle of Elwood charged with this liability, and assumed and agreed to pay it. Plaintiff prays judgment against both Clay, Robinson & Co. and Elwood, and for a lien on the cattle, and that the same be sold in satisfaction of the judgment.

Can Clay, Robinson & Co. remove the cause to this court? They insist that the action against them is on contract, and the action against their co-defendant Elwood rests in tort, and hence there is a misjoinder; and that Elwood is neither a necessary or proper party, or, if a proper party, his interest in the controversy arrays him on the plaintiff's side; and, at least, that there is a separable controversy between them and the plaintiff which entitles them to remove the cause to this court. I have no doubt but the plaintiff could have proceeded against Clay, Robinson & Co. on their agreement without making Elwood a party defendant; but whether these parties are improperly joined in this case is quite another question. Undoubtedly the plaintiff has a good cause of action, if his allegations are true, against both parties, and also a lien on the cattle. So, in reality, the question is whether he can enforce his claim against both parties in one action. If Clay, Robinson & Co. had purchased the cattle without expressly assuming this liability, and plaintiff was seeking a personal judgment against Elwood alone, and to enforce his lien on the cattle, in such case it would have been proper to make Clay, Robinson & Co. parties, as the owners of the property, although no personal judgment could have gone against them. So, if the plaintiff chose to seek his remedy against Elwood and the cattle, (as he had a right to do,) Clay, Robinson & Co. were proper parties, and the question remains whether, in the same action, plaintiff could have personal judgment against them as well as the other defendant. The liability of both defendants grows out of the same transaction,—the wrongful act of Elwood,—and to make either liable, the act must be proven, and the damage caused thereby determined. As a general rule actions on tort and contract, especially when the tort cannot be waived, cannot be joined; but when the contract liability is founded on the tortious act itself, and expressly assumes all liability therefor to the injured party, I am of opinion the injured party may join the tort feasor and the party assuming the liability for the tortious act, and the more so in this case, where the damages have become a lien upon the property transferred. *Hoye* v. *Raymond*, 25 Kan. 667; Civil Code, § 83; *Ayres* v. *Wiswall*, 112 U. S. 187, 5 Sup. Ct. Rep. 90. A defendant has no right to say that an action shall be severable which a plaintiff has elected to make joint, unless there is something in the law which prohibits such joinder. *Pirie* v. *Tvedt*, 115 U. S. 43, 5 Sup. Ct. Rep. 1034, 1161. If this view is correct, there are but two grounds upon which Clay, Robinson & Co. could possibly base their claim to remove this case to this court;—the first of which

would be upon the theory of arranging the parties to the record on opposite sides of the controversy in such a manner as to make the interest of Elwood adverse to that of Clay, Robinson & Co., and really on the side of plaintiff; the second, on the ground of a separable controversy. *Sewing-Machine Cases*, 18 Wall. 553; *Removal Cases*, 100 U. S. 457; *Hyde* v. *Ruble*, 104 U. S. 407; *Blake* v. *McKim*, 103 U. S. 336; *Bible Soc.* v. *Price*, 110 U. S. 61, 3 Sup. Ct. Rep. 440; *Winchester* v. *Loud*, 108 U. S. 130, 2 Sup. Ct. Rep. 311.

Can the parties be arranged according to their interests in the manner aforesaid? It is true, in this case, the defendants Clay, Robinson & Co., after making a general denial in their answer, proceed to set out, as a further defense, that they are not liable under their contract with Elwood, inasmuch as their liability under that contract rested upon certain conditions to be performed by Elwood, which he has not performed. It is urged by counsel that Elwood's interest is really with that of plaintiff in holding Clay, Robinson & Co. liable on their contract. So far as that issue is concerned, that probably is true; but so far as the other issue raised by the pleadings is concerned, it is not true; for it must be presumed that Elwood is interested, in the first instance, in defeating the claim of plaintiff, or reducing the amount of his recovery, as he stands liable to them under the law for any damages they have sustained. So far as the defense of Clay, Robinson & Co. is concerned, as to their liability to plaintiff under the contract, they could have set it up as well in a separate action against them as in a joint action against themselves and Elwood, and it has been repeatedly decided that it does not make a separable controversy or misjoinder of action because different defendants may have different defenses to plaintiff's action. *Railroad Co.* v. *Ide*, 114 U. S. 52, 5 Sup. Ct. Rep. 735; *Starin* v. *New York*, 115 U. S. 249, 6 Sup. Ct. Rep. 28; *Sloane* v. *Anderson*, 117 U. S. 275, 6 Sup. Ct. Rep. 730; *Insurance Co.* v. *Huntington*, 117 U. S. 280, 6 Sup. Ct. Rep. 733; *Mining Co.* v. *Canal Co.*, 118 U. S. 264, 6 Sup. Ct. Rep. 1034; *Little* v. *Giles*, 118 U. S. 596, 7. Sup. Ct. Rep. 32.

There only remains to be considered the other question, whether the party seeking this removal can claim the right under that clause of section 2 of the act of 1887, providing for the removal of a separable controversy; and that question has been squarely decided in the negative by the supreme court of the United States in the case of *King* v. *Cornell*, 106 U. S. 395, 1 Sup. Ct. Rep. 312. The right of an alien to remove a separate controversy is not given by the acts of 1875 or 1887. Both of those acts, in terms, limit it to a separate controversy *wholly between citizens of different states;* and the court, in that case, holds that the act of July 27, 1866, and the second clause of section 639 of the Revised Statutes, which gave this right to aliens, were repealed by the subsequent acts, (*Hyde* v. *Ruble, supra,* 410;) and that it was the manifest intent of the act of 1875 to restrict this right to citizens of different states. The act of 1887 (24 St. 553) places a further restriction to this clause, and limits the right of removal to defendants alone. *Telegraph Co.* v. *Brown,* 32 Fed. Rep. 337.

It does not avail that one of these parties seeking a removal is a citizen of the state of Illinois. Their interest is joint and inseparable. It is a partnership obligation, and is in no sense a controversy wholly between citizens of different states.

The cause must be remanded to the state court.