SMITH *et al. v.* LYON.

*(Circuit Court, E. D. Missouri, E. D.* March 21, 1889.)

FEDERAL COURTS—JURISDICTION.
> Under act Cong. 1887, providing that where the jurisdiction of the federal courts is founded only upon the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or defendant, a suit brought by two persons on a contract entered into by them as partners cannot be maintained in a district of which the defendant and one of the plaintiffs are non-residents.

At Law.
*Jefferson Chandler, R. H. Landale,* and *S. H. West,* for plaintiffs.

*R. C. Foster* and *A. E. Wilkinson*, for defendant.

BREWER, J. This is a motion to dismiss for want of jurisdiction. The facts are these: There are two plaintiffs. The allegation of the petition is that one plaintiff is a resident and citizen of the state of Arkansas, and the other a resident and citizen of this state, and that the defendant is a resident and citizen of the state of Texas. It is insisted that the suit cannot be maintained here, because both plaintiffs are not residents of this district. Neither is the defendant a resident. The act of congress of 1887 provides that, where the "jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." It is insisted that the use of the words "the plaintiff" implies that all the plaintiffs must be residents, and the mere fact that but one of two plaintiffs having a joint interest is a resident does not give this court jurisdiction. In the judiciary act of 1889 the language in respect to jurisdiction and place of trial was: "Where an alien is a party, or the suit is between a citizen of a state where the suit is brought and a citizen of another state." And in the case of *Strawbridge* v. *Curtiss*, 3 Cranch, 267, the supreme court, by Mr. Justice MARSHALL, considered the question as to whether an action could be maintained where all of the plaintiffs were not citizens of the state in which the action was brought. He expresses the opinion of the court in these words:

"The court understands these expressions to mean that each distinct interest should be represented by persons all of whom are entitled to sue or may be sued in the federal courts. That is, that where.the interest is joint, each of the persons concerned in that interest must be competent to sue, or liable to be sued, in those courts."

In the late case of *Iron Co.* v. *Stone*, 121 U. S. 631, 7 Sup. Ct. Rep. 1010, that case was cited and approved. It is familiar to all that in some of the statutes respecting the jurisdiction of the federal courts, and providing for removals, the language is "any defendant," or "one having a separable interest." In other cases it is "the plaintiff," or "the defendant," or "the party." The general, and I think I may say the uniform, construction placed upon these last expressions is that they are collective, and include all who are plaintiffs or defendants, and that each must possess all the qualifications. Following this line of decision, it seems to us that all the plaintiffs must reside in the district to enable them to sue, at least in a case in which all are jointly interested in a single cause of action. In this case the action is on a contract made between two plaintiffs as partners and the defendant. There is no separable controversy, and but a single interest. We think, therefore, that the motion is well taken, and must be sustained, and the case dismissed. It is so ordered.