## SHARPE v. BONHAM.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF TENNESSEE.

No. 396.   Submitted March 12, 1912.—Decided April 1, 1912.

In a controversy which embraces the rights of an association, the mastery of which is claimed by both complainants and defendants, the trustees of the association are properly made parties defendant and are not to be realigned by the court on the side of the complainant for jurisdictional purposes. *Helm* v. *Zarecor*, 222 U. S. 32.

THE facts are stated in the opinion.

*Mr. John M. Gaut* for appellants.

*Mr. W. C. Caldwell,* with whom *Mr. Frank Slemons, Mr. J. H. Zarecor* and *Mr. W. B. Lamb* were on the brief, for appellees.

Memorandum opinion by direction of the court.   By MR. JUSTICE HUGHES.

Appeal from decree dismissing the bill for want of jurisdiction.

The suit was brought by members of a religious society in Nashville, Tennessee, known as Grace Church, citizens of States other than Tennessee, against the pastor and elders of another religious society calling itself Grace Cumberland Presbyterian Church, and also against three individuals described as trustees, who hold the legal title to certain land and a house of worship, all the defendants being citizens of Tennessee. The controversy grew out of the proceedings to consolidate the Cumberland Presbyterian Church with the Presbyterian Church in the United States of America. It was alleged in the bill that the union had been legally effected, and the complainants sought decree that the church property be declared to be held in trust for the congregation which adhered to the alleged united body.

The defendants, other than the trustees, filed a plea to the jurisdiction, alleging that the trustees, "who are alleged to hold the legal title of the property described and involved, are indispensable parties complainant, and yet, as these defendants aver, those persons are improperly and collusively joined as defendants for the purpose of creating a case cognizable in this honorable court;" and it was also asserted that parties had been improperly and collusively omitted for the same purpose. The court dismissed the bill, and in its certificate states that the dismissal was upon the ground that the three defendants, trustees, were not antagonistic to the complainants, and should be aligned upon the same side of the controversy; and, therefore, as some of the complainants and some of the defendants were citizens of the same State, the court was without jurisdiction.

The case is not to be distinguished from *Helm* v. *Zarecor*, 222 U. S. 32. There the controversy arising from the same proceedings, having in view the union of the two religious bodies, related to the property and management of an incorporated committee of publication, or publishing

agency, known as the Board of Publication of the Cumberland Presbyterian Church. It was held that to align the corporation itself with the complainants was virtually to decide the merits in their favor; that the corporation was simply a title holder—an instrumentality, the mastery of which was in dispute; and that it was properly made a party defendant.

As, in that case, the controversy embraced the fundamental question of the rights of the religious associations, said to be represented by the respective parties, to control the corporate agency and to have the benefit in their denominational work of the corporate property, so here the controversy is with respect to the control of the church property which the three trustees hold in trust. These trustees were not indispensable parties complainant as alleged in the plea, and, as mere title holders, they were properly made parties defendant. The court erred in aligning them with the complainants.

*Decree reversed.*