COMPANIA MINERA Y COMPRADORA DE METALES MEXICANO, S. A., v. AMERICAN METAL CO., Limited, et al.

(District Court, W. D. Texas, El Paso Division. January 15, 1920.)

No. 671.

1. COURTS ⊚⟝359—JOINDER OF CAUSES AND PARTIES DEFENDANT, AS AFFECTING RIGHT TO REMOVAL, TESTED BY LOCAL STATE LAWS.

In determining whether an action was properly removed from a state court, the question whether the causes of action and parties defendant are properly joined will be determined according to the local state law.

2. ACTION ⊚⟝50(5)—JOINDER OF CAUSES OF ACTION PROPER.

A petition seeking damages for an alleged breach of contract from one defendant, and also alleging that such defendant acted as agent of a second defendant in making the contract, and seeking recovery against such second defendant in case it was the principal, *held* to properly join causes of action and parties defendant under local Texas laws.

3. REMOVAL OF CAUSES ⊚⟝1—STATUTORY NATURE OF RIGHT.

The right of removal from state to federal courts is purely statutory.

4. REMOVAL OF CAUSES ⊚⟝48—SEPARABLE CONTROVERSY TO WHICH AN ALIEN IS A PARTY NOT REMOVABLE.

A separable controversy to which an alien is a party cannot be removed from a state to federal court, irrespective of whether the alien is a plaintiff or defendant.

---

⊚⟝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. REMOVAL OF CAUSES ⊜⟹29—SUIT INVOLVING ALIENS IS NOT "SUIT BETWEEN CITIZENS OF DIFFERENT STATES."

Where an alien plaintiff sued an alien defendant and a citizen defendant, the suit is not one between citizens of different states, within Judicial Code, § 24 (Comp. St. § 991), conferring original jurisdiction on federal District Courts in such cases.

[Ed. Note.—For other definitions, see Words and Phrases, Controversy between Citizens of Different States.]

6. COURTS ⊜⟹321—WHERE ONE OR MORE PARTIES ARE ALIENS, EACH PLAINTIFF MUST BE CAPABLE OF SUING EACH DEFENDANT TO GIVE FEDERAL COURT JURISDICTION.

Under Judicial Code, § 24 (Comp. St. § 991), conferring original jurisdiction on federal District Courts in certain suits between citizens of a state and foreign states, each plaintiff must be capable of suing each defendant in the federal courts, and, if the defendant is an alien, and one of the plaintiffs is also an alien, a federal court has no jurisdiction, although other plaintiffs are citizens of the state.

7. REMOVAL OF CAUSES ⊜⟹11—SUIT IN WHICH PLAINTIFF AND ONE OF DEFENDANTS ARE ALIENS NOT REMOVABLE.

A federal District Court has not original jurisdiction over a suit brought by an alien plaintiff against an alien defendant and a citizen defendant, and such a suit, therefore, cannot be removed from a state court to the federal court.

8. REMOVAL OF CAUSES ⊜⟹82—FAILURE OF ALIEN DEFENDANT TO JOIN IN PETITION FOR REMOVAL.

In suit by an alien plaintiff against an alien defendant and a citizen defendant, the failure of the alien defendant to join in the citizen defendant's petition for removal would necessitate remanding the case to the state court, even if it were otherwise removable, since a citizen defendant's right to remove a separable controversy does not exist in suits involving alien parties.

Suit by the Compania Minera y Compradora de Metales Mexicano, S. A., against the American Metal Company and the Compania de Minerales y Metales, S. A., was removed from a state court by the first-named defendant. Motion to remand granted.

Jones, Jones, Hardie & Grambling, of El Paso, Tex., for plaintiff.
Turney, Burges, Culwell, Holliday & Pollard, of El Paso, Tex., for defendant American Metal Co., Limited.
Joseph B. Cotton, of New York City, and Turney, Burges, Culwell, Holliday & Pollard, of El Paso, Tex., for defendant Compania de Minerales y Metales, S. A.

SMITH, District Judge. This case was removed here from a state court, and a motion to remand is now presented.

The plaintiff Compania Minera y Compradora de Metales Mexicano, S. A., a corporation organized under the laws of the republic of Mexico, brought this suit in the district court of the Forty-First judicial district of Texas, at El Paso, and upon the first count of its petition seeks to recover of the defendant Compania de Minerales y Metales, S. A., damages for an alleged breach of contract theretofore made and entered into by and between them. By the second count of its petition plaintiff makes the American Metal Company, Limited, a corporation incorporated under the laws of the state of New York,

a party defendant, and alleges that said Compania de Minerales y Metales, S. A., in making said contract with plaintiff and in breaching same, was acting as the duly authorized agent of said American Metal Company, but says it makes such allegation only in event it should be determined that Compania de Minerales y Metales, S. A., in making said contract, was not acting for itself, but as the agent of American Metal Company, Limited, and only in the latter event does the plaintiff pray judgment against the last-named company.

Petition and bond for removal were seasonably filed by the American Metal Company, Limited, one of the defendants, but in these the other defendant, Compania de Minerales y Metales, S. A., did not join. The petition for removal is based upon the following grounds: (1) That this is a suit in which there is a controversy between citizens of different states, and that the defendants are nonresidents of the state of Texas. (2) That there is a separable controversy herein, wholly between the plaintiff and the petitioner for removal, which can be fully determined as between them. (3) That the matter in controversy is between citizens of a state and foreign states, citizens, or subjects.

[1, 2] Looking to the local laws of Texas as the proper test (Cincinnati, New Orleans & Texas & Pacific Ry. Co. v. Bohon, 200 U. S. 221, 26 Sup. Ct. 166, 50 L. Ed. 448, 4 Ann. Cas. 1152), the causes of action set up by plaintiff and the parties defendant are properly joined (New State Land Co. v. Wilson et al. [Tex. Civ. App.] 150 S. W. 253). Therefore the case with which we are here dealing is one in which there is only one plaintiff, an alien corporation, and only two defendants, one of which is an alien corporation, and the other a citizen corporation. The removal petitioner, the American Metal Company, Limited, contends that this is a case of which this court has original jurisdiction, and therefore is removable here under the following provisions of the statutes:

"The District Courts shall have original jurisdiction as follows: * * * Of all suits of a civil nature, at common law or in equity, * * * where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of three thousand dollars, and * * * (b) is between citizens of different states, or (c) is between citizens of a state and foreign states, citizens, or subjects." Section 24, Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1087 [Comp. St. § 991])

—and that provision of section 28 of the Judicial Code (Comp. St. § 1010) which reads as follows:

"Any other suit of a civil nature, at law or in equity, of which the District Courts of the United States are given original jurisdiction by this title, and which are now pending or which may hereafter be brought, in any state court, may be removed into the district court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that state. And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the District Court of the United States for the proper district."

[3] The right of removal is purely statutory. No case can be removed from a state to the federal court, unless it clearly comes within some provision of the removal statute. Great Northern Ry. Co. v.

Alexander, 246 U. S. 276, 38 Sup. Ct. 237, 62 L. Ed. 713; Kentucky v. Powers, 201 U. S. 1, 26 Sup. Ct. 387, 50 L. Ed. 633, 5 Ann. Cas. 692; Phœnix Ins. Co. v. Pechner 95 U. S. 183, 24 L. Ed. 427. Therefore, in order to dispose of the motion to remand, it is necessary to determine whether or not this case comes within any of the provisions of the statutes above quoted, and, if it does not, the motion should be granted.

[4] The contention that there is in this suit a separable controversy between the plaintiff and the defendant petitioning for removal, which would authorize the case to be removed to this court, cannot be sustained, because, if there is a separable controversy, which I do not decide, it is not "wholly between citizens of different states," as is required by the separable controversy provision of the statute. The plaintiff, one of the parties to the controversy, being an alien, excludes the case from that provision. A separable controversy to which an alien is a party cannot be removed, whether the alien is a plaintiff or defendant. Deakin v. Lea, Fed. Cas. No. 3695; Creagh v. Equitable Life Assurance Society (C. C.) 88 Fed. 1; Merchants' Cotton Press Co. v. Insurance Co. of North America, 151 U. S. 368, 14 Sup. Ct. 367, 38 L. Ed. 195; King v. Cornell, 106 U. S. 395, 1 Sup. Ct. 312, 27 L. Ed. 60; Woodrum v. Clay (C. C.) 33 Fed. 897; Insurance Co. v. Insurance Co. (C. C.) 50 Fed. 243; Tracy v. Morel (C. C.) 88 Fed. 801.

[5] Now, eliminating the separable controversy question entirely, as I must, and considering the case as a whole, it must be also held that this is not a suit "between citizens of different states," and hence not within the jurisdiction of this court by virtue of that provision of the statute.

[6, 7] This brings us to a consideration of the third and last question presented, and that is whether or not the case is removable, because falling within that provision of the statute which gives the United States District Courts jurisdiction of suits when the required amount is in controversy and is "between citizens of a state and foreign states, citizens and subjects."

It has been held that, where a citizen of a state sues a citizen of another state and an alien, the case is within federal jurisdiction, and may be removed from a state court upon the joint petition of both defendants. Baker v. Pinkham (D. C.) 211 Fed. 728; Roberts v. Pac. & A. Ry. & Nav. Co., 121 Fed. 785, 58 C. C. A. 61; Carson v. Hyatt, 118 U. S. 279, 6 Sup. Ct. 1050, 30 L. Ed. 167. These decisions were correctly based upon the obvious reason that the defendants should be accorded the right to unite in a petition to remove a case, where they could have removed severally, if sued alone. But it has also been held that the federal courts have no jurisdiction of a case in which both the plaintiff and the defendant are aliens. Montalet v. Murray, 4 Cranch, 46, 2 L. Ed. 545; Mossman v. Higginson, 4 Dall. 12, 1 L. Ed. 720; Cunard S. S. Co. v. Smith, 255 Fed. 846, —— C. C. A. ——; Pooley v. Luco (C. C.) 72 Fed. 561. Neither of these rulings is applicable to the instant case. If these defendants had been sued separately, one of the suits would have embraced an alien plaintiff and a citizen

defendant, and the other would have been between an alien plaintiff and an alien defendant. The former case, conceding the inapplicability of the doctrine announced in the case of In re Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, which I do not find it necessary to decide, would be removable, and the latter would not be removable.

It is well settled that, where there are several plaintiffs and defendants, each plaintiff must be capable of suing each defendant in the federal courts. Strawbridge v. Curtiss, 3 Cranch, 267, 2 L. Ed. 435; New Orleans v. Winter, 1 Wheat. 91, 4 L. Ed. 44; Coal Co. v. Blatchford, 11 Wall. 172, 20 L. Ed. 179; Cuebas Y Arredondo v. Cuebas Y Arredondo, 223 U. S. 376, 32 Sup. Ct. 277, 56 L. Ed. 476; Hooe v. Jamieson, 166 U. S. 395, 17 Sup. Ct. 596, 41 L. Ed. 1049; Peninsular Iron Co. v. Stone, 121 U. S. 631, 7 Sup. Ct. 1010, 30 L. Ed. 1020. If the defendant is an alien and one of the plaintiffs is also an alien, though the others are citizens of a state, the federal court has no jurisdiction. Black's Dillon on Removal of Causes, § 84, citing Sawyer v. Switzerland Marine Ins. Co., 14 Blatchf. 451, Fed. Cas. No. 12408.

Tested by this rule, it is clear that, as the plaintiff and one of the defendants are aliens, this court has not original jurisdiction of this case, and same cannot be brought here from the state court by removal proceedings.

[8] It is also worthy of note that the alien defendant does not join in the petition for removal, and therefore, if this were a removable case, it would have to be remanded for that reason. C., R. I. & P. Ry. Co. v. Martin, 178 U. S. 245, 20 Sup. Ct. 854, 44 L. Ed. 1055; Stone v. South Carolina, 117 U. S. 430, 6 Sup. Ct. 799, 29 L. Ed. 962; Fletcher v. Hamlet, 116 U. S. 408, 6 Sup. Ct. 426, 29 L. Ed. 679. To permit the citizen defendant to remove this case upon his petition alone would be to hold that he had the right to remove under the "separable controversy" provision of the statute—a right which, as we have already seen, is not accorded to defendants in suits between "a citizen of a state and foreign states, citizens or subjects."

Counsel for the defendant petitioning for removal contends that the alien defendant may be disregarded in considering this motion to remand, and in support of such contention cites the case of Iowa Lillooet Gold Mining Co. v. Bliss et al. (C. C.) 144 Fed. 446. I do not consider that case in point. Bliss in that case was held to be neither a proper nor a necessary party, and was therefore misjoined. In this case, the alien defendant, as we have seen, was a proper party, against which the plaintiff sets up a cause of action properly joined and necessary to afford full relief to the plaintiff.

The motion to remand is granted.