## MATTHEW et al. v. COPPIN.

Circuit Court of Appeals, Ninth Circuit. April 15, 1929.

No. 5654.

Clarence G. Atwood and Thomas B. McCue, both of San Francisco, Cal., for appellant Clements.

Thomas F. McCue, of San Francisco, Cal., and Roscoe D. Jones, L. E. Graybiel and Clifton Hildebrand, all of Oakland, Cal., for appellant Matthew.

Dinkelspiel & Dinkelspiel, of San Francisco, Cal., for appellee.

Before RUDKIN and DIETRICH, Circuit Judges, and BEAN, District Judge.

RUDKIN, Circuit Judge. This was a suit by a trustee in bankruptcy to recover the proceeds of a life insurance policy. The complaint contained two causes of action. In the first cause of action it was averred that April 23, 1924, a policy of insurance in the sum of $75,000, on the life of Ralph L. Clements, was issued by the Mutual Life Insurance Company of Newark, N. J., naming as beneficiary the Flintex Corporation, its successors and assigns; that a promissory note in the sum of $1,902.25, executed by the beneficiary in payment of the first annual premium, was paid; that a promissory note in the sum of $1,906.50, executed by the beneficiary in payment of the second annual premium, was not paid until the amount was deducted from the amount of the policy after the death of the insured; that July 8, 1925, the policy was transferred and assigned by the Flintex Corporation to the insured for a purported consideration of $1 and other good and valuable considerations; that at the time of the transfer the Flintex Corporation was insolvent, and the transfer was made for the purpose of hindering, delaying, and defrauding creditors; that March 8, 1926, the insured died in the county of Alameda, state of California, and letters of adminis-

tration on his estate were issued to Andrew T. Matthew; that the administrator surrendered the policy to the company and received in payment the face of the policy, less the amount of the unpaid premium note; that of the amount so received, the sum of $40,000 was paid to the defendant Nan C. Kelly, in compromise of a claim against the estate, the sum of $6,500 was paid to Ethlyn B. Clements, widow of the deceased, and the sum of $22,560.76 still remained in the hands of the defendant administrator; that on July 19, 1926, the Flintex Corporation was adjudicated a bankrupt in the District Court of the United States for the Southern District of Ohio, Western Division; and that George W. Coppin was duly appointed trustee in bankruptcy. The jurisdictional averment was that the suit was brought to recover a fraudulent transfer of property under section 70e of the Bankruptcy Act 11 USCA § 110. In the second cause of action it was averred that no transfer, fraudulent or otherwise, was made by the bankrupt; in other words, that the policy at all times remained the property of the bankrupt until title thereto passed to the trustee by operation of law. Nearly all the testimony offered by the plaintiff tended to prove the second cause of action and to disprove the jurisdictional averment in the first cause of action. In this respect, the plaintiff was successful, for the decree of the court in his favor was based on the second cause of action, and expressly adjudged that there had been no transfer of the policy by the bankrupt. From this decree, the widow and the administrator have appealed.

The first assignment of error challenges the jurisdiction of the court below, and in this connection the radical difference between the two causes of action becomes important. Section 23b of the Bankruptcy Act, as amended (11 USCA § 46), provides that suits by a trustee shall only be brought or prosecuted in the courts where the bankrupt whose estate is being administered by such trustee might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant, except suits for the recovery of property under section 60, subd. b (11 USCA § 96), section 67, subd. e (11 USCA § 107), and section 70, subd. e (11 USCA § 110). The three exceptions referred to are suits for the recovery of preferences given by the bankrupt within four months before the filing of the petition in bankruptcy, suits to set aside conveyances or transfers made by the bankrupt within four months prior to the filing of the petition, and suits to avoid any transfer by the bankrupt of his property which any creditor of the bankrupt might have avoided. Unless a case falls within one of these three exceptions, a suit of this kind cannot be prosecuted in a federal court, unless there is the requisite diversity of citizenship between the bankrupt and the defendants. True, the statute says unless by the consent of the proposed defendant, but the consent referred to is a consent to the local jurisdiction only, as where a defendant in any other action in the federal court is sued in the wrong district. Lovell v. Isadore Newman & Son, 227 U. S. 412–420, 33 S. Ct. 375, 57 L. Ed. 577; McEldowney v. Card (C. C.) 193 F. 475; Operators' Piano Co. v. First Wisconsin Trust Co. (C. C. A.) 283 F. 904; Coyle v. Duncan Spangler Coal Co. (D. C.) 288 F. 897. A defendant cannot confer jurisdiction upon a federal court by consent, unless jurisdiction is conferred by the general law.

The case is in many respects similar to that of Harris v. First National Bank, 216 U. S. 382, 30 S. Ct. 296, 54 L. Ed. 528, where the court said:

"Assuming for this purpose that actions may be brought by trustees in the courts of bankruptcy in cases coming within the terms of section 70, subd. e, without the consent of defendant, we do not think the present action is one of that character.

"That subdivision provides for avoiding transfers of the bankrupt's property which his creditors might have avoided, and for recovery of such property, or its value, from persons who are not bona fide holders for value. In this action no such transfer is alleged, no attack is made upon a transfer by the bankrupt which would have been void as to creditors. The petition seeks to recover property held by the bank, if the allegations are true, which belonged to the bankrupt, and consequently passed to the trustee as the representative of the bankrupt's estate. The recovery sought is of property held for the bankrupt estate which the defendant wrongfully refused to surrender. The District Court was right in denying jurisdiction of the suit, and its judgment is affirmed."

True, in this case there was an averment that it was a suit to set aside a fraudulent transfer, but the appellee disproved this averment; and jurisdiction cannot be conferred by a false allegation of fact.

Was there then the requisite diversity of citizenship? The bankrupt was a citizen

of the state of Ohio, and the defendant Kelly, the principal beneficiary of the insurance, was a citizen of the same state. There was, therefore, no diversity of citizenship as between the bankrupt and this defendant. But the appellee contends that the suit might have been prosecuted in the first instance against the remaining defendants wherein the requisite diversity of citizenship existed; that Kelly was not an indispensable party; and that her mere presence as a party did not oust the court of jurisdiction. With this contention we are unable to agree. Kelly was not a mere formal party. She stood in the same relation to the litigation as did the other defendants. The case of the trustee was a common one as to all parties for the purpose of establishing his title to the proceeds of the insurance policy, and he had a right to join all adverse claimants for that purpose. Having elected to do so, he will not now be heard to say that the joinder was unnecessary.

■ Nor must a diversity of citizenship exist as to indispensable parties only. Liability for tort is joint and several, but if two defendants are sued jointly in a federal court for a tort, and a diversity of citizenship does not exist as between the plaintiff and each defendant, the decisions are uniform that the court is without jurisdiction. Devost v. Twin State Gas & Electric Co. (C. C. A.) 250 F. 349. And it has been repeatedly held that federal courts are without jurisdiction where there is no diversity of citizenship as between plaintiffs and defendants, whether the parties are deemed indispensable or not, so long as they are not merely nominal or formal parties. Thus, in New Orleans v. Winter, 1 Wheat. (14 U. S.) 91, 4 L. Ed. 44, Chief Justice Marshall said:

"Gabriel Winter, then, being a citizen of the Mississippi territory, was incapable of maintaining a suit alone in the [district] circuit court of Louisiana. Is his case mended by being associated with others who are capable of suing in that court? In the case of Strawbridge v. Curtiss [3 Cranch, 267, 2 L. Ed. 435], it was decided, that where a joint interest is prosecuted, the jurisdiction cannot be sustained, unless each individual be entitled to claim that jurisdiction. In this case it has been doubted, whether the parties might elect to sue jointly or severally. However this may be, having elected to sue jointly, the court is incapable of distinguishing their case, so far as respects jurisdiction, from one in which they were compelled to unite. The [district] circuit court of Louisi-

ana, therefore, had no jurisdiction of the cause, and their judgment must, on that account, be reversed, and the petition dismissed."

■ In Peninsular Iron Co. v. Stone, 121 U. S. 631, 7 S. Ct. 1010, 30 L. Ed. 1020, Chief Justice Waite said:

"In Strawbridge v. Curtiss, 3 Cranch, 267 [2 L. Ed. 435], decided in 1806, it was held: 'Where the interest is joint, each of the persons concerned in that interest must be competent to sue, or liable to be sued, in those courts.' 'But,' it was added, 'the court does not mean to give an opinion in the case where several parties represent several distinct interests, and some of those parties are, and others are not, competent to sue, or liable to be sued, in the courts of the United States.' In New Orleans v. Winter, 1 Wheat. 91 [4 L. Ed. 44], decided in 1816, a suit had been brought in the District Court for the District of Louisiana by the heirs of Elisha Winter, deceased, to recover possession of certain lands under an alleged grant from the Spanish government. One of the plaintiffs could sue in the courts of the United States, but the others could not, and the question of jurisdiction in the District Court was raised. Chief Justice Marshall, in delivering the opinion of the court, after referring to what had been decided in Strawbridge v. Curtiss, said: 'In this case, it has been doubted, whether the parties might elect to sue jointly or severally. However this may be, having elected to sue jointly, the court is incapable of distinguishing their case, so far as respects jurisdiction, from one in which they were compelled to unite.' It was consequently held that the District Court had no jurisdiction, and its judgment was reversed. This rule has been adhered to steadily ever since; Barney v. Baltimore, 6 Wall. 280, 287 [18 L. Ed. 825]; [Susquehanna & W. V. R. &] Coal Company v. Blatchford, 11 Wall. 173, 174 [20 L. Ed. 179]." Lee v. Lehigh Valley Coal Co., 267 U. S. 542, 45 S. Ct. 385, 69 L. Ed. 782.

So, in this case, the plaintiff below having elected to sue the adverse claimants jointly, the court is incapable of distinguishing their case so far as respects jurisdiction from one in which he was compelled to join them.

The decree of the court below is reversed, with directions to dismiss for want of jurisdiction, unless the objection to federal jurisdiction is removed by amendment. In view of the fact that the objection to the jurisdiction was not raised below, no costs will be allowed in this court.