**EDWARDS v. SWEAT, Sheriff, et al.**
No. 887.

District Court, S. D. Florida.
July 21, 1938.

Harrell & Lichliter and M. H. Myerson, all of Jacksonville, Fla., for plaintiff.

Blount & Jones, of Jacksonville, Fla., for bankrupt.

Edward S. Hemphill, of Jacksonville, Fla., for defendant sheriff.

W. P. Allen, Asst. Atty. Gen., and J. Velma Keen, of Tallahassee, Fla., for defendant comptroller.

STRUM, District Judge.

Plaintiff, trustee in bankruptcy for Whiddon Cash Stores, Inc., seeks to restrain the comptroller of the State of Florida and the sheriff of Duval County, Florida from proceeding further with an advertised sale of the assets of said bankrupt to satisfy a tax warrant issued by the comptroller and levied by the sheriff to enforce payment of delinquent excise taxes under chapter 16848, Laws of Florida, 1935, generally known as the Florida Chain Store Tax.

At the outset, the question of jurisdiction is to be considered. Federal jurisdiction in cases of this nature is greatly broadened by the revision of the Bankruptcy Act approved June 22nd, 1938, 52 Stat. 840, effective three months thereafter. Under the law as it now exists, however, an adjudication in bankruptcy does not ipso facto draw to the court of bankruptcy jurisdiction to adjudicate all matters touching the bankrupt's estate. Linstroth Wagon Co. v. Ballew, 5 Cir., 149 F. 960, 8 L.R.A.,N.S., 1204.

Section 23(b) of the Bankruptcy Act, as now in force, 11 U.S.C.A. § 46(b), provides that suits by a trustee shall be brought or prosecuted in the courts where the bankrupt whose estate is being administered by such trustee might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant, except suits for the recovery of property under Sections 60(b), 67(e) and 70(e), 11 U.S.C.A. §§ 96(b), 107(e), 110(e). Those exceptions are (1) suits for the recovery of preferences given by the bankrupt within four months before the filing of the petition in bankruptcy; (2) suits to set aside conveyances or transfers by the bankrupt, made within four months of the filing of the petition; and (3) suits to avoid any transfer by the bankrupt of his property, which a creditor of the bankrupt might have avoided. The present suit falls within none of these excepted classes. It is a suit to restrain state officers from proceeding with the further enforcement of a tax lien acquired and perfected more than four months before the filing of the petition in bankruptcy, levy having been made under the lien and possession of the res having been secured by the state officers prior to the filing of the petition in bankruptcy. Diversity of citizenship, as well as consent by the defendants to be sued in this court, are lacking. Had proceedings in bankruptcy not been instituted, the suit clearly could have been brought only in the Florida state courts. As the suit falls within none of the excepted classes above enumerated and as diversity of citizenship and consent are lacking, this court is strongly inclined to the view that the suit should be dismissed for lack of jurisdiction. Matthew v. Coppin, 9 Cir., 32 F.2d 100. Cf. Taubel, etc., Co. v. Fox, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770.

Out of an abundance of caution, however, and in view of the early sale contemplated by the state officers of substantially all of the bankrupt's estate to satisfy tax lien, the court has gone on to a consideration of the merits, although its view thereon may be ex cathedra. No attack is made upon the constitutional validity of the statute under which the state officers are proceeding. The charge is that the warrant issued pursuant to the statute is fatally defective and the asserted tax lien void.

The substantial attacks upon the warrant are (1) that it directs the state sheriff to make return of the monies collected within sixty-one days instead of within sixty days, as required by the statute; and (2) that the warrant was not recorded in the office of the clerk of the Circuit Court of Duval County within five days after receipt of the warrant by the sheriff, as required by the statute.

The last stated contention should be resolved against the plaintiff trustee on the facts. The original warrant is before the court. It shows on its face that it was issued by the comptroller November 12,

1937. The undisputed evidence, both by file mark on the warrant and by oral testimony of the sheriff's deputy who received the warrant, is that the warrant was received November 15, 1937. It was duly recorded in the clerk's office on November 19, 1937, within five days.

The sixty day period in controversy within which return of the monies must be made, relates, not to the time within which the warrant shall be levied and enforced against the delinquent taxpayer, but to the time within which the sheriff shall return the avails of the levy to the comptroller. There is no showing that the bankrupt, or its creditors, were prejudiced in the slightest by this minor departure from the formal command of the statute. The time fixed was solely a matter between the comptroller and his executing officer, the sheriff. There was apparently an effort in good faith to follow the statute. No gross abuse or flagrant departure from the statute appears. This court is disinclined to nullify the state's process for such an inconsequential and nonprejudicial deviation which does not concern the tax debtor, and which has prejudiced no one.

The state statute gives the warrant in question the effect of a judgment lien, with execution duly issued, from the time the warrant is recorded in the clerk's office. This occurred November 19, 1937. From that date the sheriff was in at least constructive possession of the goods levied upon. He was in actual possession long before the filing of petition in bankruptcy on July 5th, 1938. The situation therefore is that the state has acquired a perfected judgment lien more than four months before bankruptcy, and was in actual possession of the property levied upon before the filing of the petition in bankruptcy. The state, through its defendant officers, is therefore entitled to proceed in the enforcement of its lien, thus perfected, independently of the bankrupt court. Straton v. New, 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060. Neither Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645, nor Continental Illinois Nat. Bank & Trust Co. v. Chicago, R. I. & P. Ry. Co., 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110, relied upon by plaintiff, are in point.

In either view of the matter, whether for lack of jurisdiction or on the merits, the injunction sought by plaintiff should be denied. So ordered.