**MINNIS et al. v. SOUTHERN PAC. CO. et al.**

**No. 8752.**

Circuit Court of Appeals, Ninth Circuit.

Sept. 15, 1938.

James L. Minnis, Morgan C. Lombardi, and James L. Minnis, Jr., all of San Francisco, Cal., for appellants.

Arthur B. Dunne, of San Francisco, Cal. (Dunne & Dunne, of San Francisco, Cal. of counsel), for appellee Southern Pac. Co.

Warren Olney, Jr., A. Crawford Greene, and James D. Adams, all of San Francisco, Cal., (McCutchen, Olney, Mannon & Greene, of San Francisco, Cal., of counsel), for appellees Southern Pac. Golden Gate Ferries, Limited, and Southern Pac. Golden Gate Co.

Before GARRECHT, DENMAN, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from a decree which, upon final hearing, dismissed a bill of complaint filed by appellants, citizens of California, against appellees, Southern Pacific Company, a Kentucky corporation (hereafter called Southern Pacific), Southern Pacific Golden Gate Ferries, Limited, a California corporation (hereafter called the operating company), and Southern Pacific Golden Gate Company, a Delaware corporation (hereafter called the holding company), in the District Court for Northern California.

The operating company is engaged in the business of operating ferries on San Francisco Bay.[1] It owns property in the Counties of Alameda, Contra Costa, Marin, San Francisco and Solano in the Northern District of California.[2] It has outstanding 210,009 shares of stock, all of which, except nine qualifying shares held by its directors, are owned and held by the holding company. Appellants are not stockholders of the operating company and, except as stockholders of the holding company, have no interest in the operating company, its business or its property.

The holding company has outstanding 459,000 shares of stock,[3] of which 233,150 shares[4] are owned and held by Southern Pacific, 201,685 shares[5] are owned and held by minority stockholders other than appellants, and 24,165 shares[6] are owned and held by appellants. As stockholders of the holding company, appellants brought this suit for themselves and other stockholders similarly situated. They did not bring it for or on behalf of the operating company. The bill states:

"This suit is of a local nature, its object being to recover from [Southern Pacific] a large sum of money, and for a decree adjudging the same to be a first lien on [the operating company's property], prior in right to any interest or claim [Southern Pacific] may have or claim to have therein or thereto, and to sequester [said property] and its income and preserve and conserve the same to pay and satisfy such sum and discharge such lien, and for general relief. * * *"

The bill prays that the court adjudge and decree:

"1. That [Southern Pacific] is indebted to [appellants] and the persons and class of persons for whom they sue in the sum of [$9,660,295], with interest thereon from the 19th day of October, 1934; that [appellants] have and recover the same for the benefit of themselves and such persons and class of persons.

"2. That [appellants] have a lien on [the operating company's property][7] to secure the payment of said sum, superior and prior to any lien or claim of [Southern Pacific], and that said property * * * be sold and applied in discharge of such lien and in payment of said sum and all other equal or superior liens thereon or claims thereto.

"3. That on the passing of the decree the cause be reserved and one of the masters of the Court or a special master be directed to give proper notice to all persons whomsoever not parties hereto, requiring any and all such persons who claim any interest in [the operating company's property] to appear before him on a date in such notice named, and to make proof with respect of their claim, and that he ascertain and report to the Court the names of the claimants and the nature of

---

[1] In the bill, the operating company's business is sometimes called the "enterprise."

[2] In the bill, the operating company's property is sometimes called the "fund."

[3] 40,000 shares of preferred, 156,750 shares of class "A" and 262,250 shares of class "B" stock.

[4] 23,150 shares of preferred and 210,000 shares of class "B" stock.

[5] 16,484 shares of preferred, 140,592 shares of class "A" and 44,609 shares of class "B" stock.

[6] 366 shares of preferred, 16,158 shares of class "A" and 7,641 shares of class "B" stock.

[7] In the prayer, as elsewhere in the bill, the operating company's property is called the "fund." See footnote 2.

their claims and the respective sums due them if any.

"4. That the court on the coming in of the master's report determine and adjudge all of said claims and distribute [the operating company's property] to the persons entitled thereto.

"5. * * * [That] a temporary receiver be forthwith appointed to take charge of and preserve [the operating company's property] and to conduct and manage [its] business and collect and receive all sums now due and which may hereafter become due to it and pay any current debts which it may now owe or hereafter incur and to do and perform all acts essential and proper in the premises until the final decree of the Court in this cause; that [Southern Pacific] be ordered and directed to turn said [property] over to such receiver; that a Writ of Injunction be issued out of and under the seal of this Court, directed to [Southern Pacific] its agents and * * * all other persons, enjoining and restraining them from interfering with said receiver in taking possession of said [property] and in managing said business."

Thus, in effect, this is a suit to establish and foreclose a lien on the operating company's property; to have a receiver take charge of and manage said company's business and property, pendente lite; and, after final decree, to wind up said business, dispose of said property and distribute the proceeds.

■ The question we have to decide is whether the District Court had jurisdiction of the case. Though not raised by the parties, this question is before us and must be decided. Mitchell v. Maurer, 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338; Southern Pacific Co. v. McAdoo, 9 Cir., 82 F.2d 121; Electro Therapy Products Corp. v. Strong, 9 Cir., 84 F.2d 766.

■ The only claimed ground of Federal jurisdiction is diverse citizenship. Appellants (plaintiffs below) and the operating company (one of the defendants) are citizens of the same State. The operating company is not a mere nominal or formal party, but is an indispensable party to the suit. Appellants and the operating company are not united or allied in interest, but are adversaries in fact, as well as in name. This appears, not only from the bill, but from the fact that, instead. of joining therein, the operating company resisted appellants' demands by filing an answer which denies material allegations of the bill and prays that appellants take nothing thereby.[8] Therefore, the District Court had no jurisdiction of the case. Judicial Code, § 24(1), 28 U.S.C.A. § 41 (1); Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435; Susquehanna & Wyoming Valley R. R. & Coal Co. v. Blatchford, 11 Wall. 172, 174, 20 L.Ed. 179; Peninsular Iron Co. v. Stone, 121 U.S. 631, 7 S.Ct. 1010, 30 L.Ed. 1020; Blacklock v. Small, 127 U.S. 96, 103, 8 S.Ct. 1096, 32 L.Ed. 70; Anderson v. Watt, 138 U.S. 694, 701, 11 S.Ct. 449, 34 L.Ed. 1078; Florida Central & Peninsular R. R. Co. v. Bell, 176 U.S. 321, 332, 20 S.Ct. 399, 44 L.Ed. 486; Raphael v. Trask, 194 U.S. 272, 276, 24 S. Ct. 647, 48 L.Ed. 973; Sharpe v. Bonham, 224 U.S. 241, 32 S.Ct. 420, 56 L.Ed. 747; Lee v. Lehigh Valley Coal Co., 267 U.S. 542, 45 S.Ct. 385, 69 L.Ed. 782; Mitchell v. Maurer, supra; Matthew v. Coppin, 9 Cir., 32 F.2d 100; Dollar Steamship Lines v. Merz, 9 Cir., 68 F.2d 594.

■ If the operating company were not an indispensable party, the jurisdictional defect might be cured by dismissing the bill as to it,[9] but, since it is an indispensable party, the defect is incurable. Susquehanna & Wyoming Valley R. R. & Coal Co. v. Blatchford, supra; Peninsular Iron Co. v. Stone, supra; Blacklock v. Small, supra; Anderson v. Watt, supra; Florida Central & Peninsular R. R. Co. v. Bell, supra; Mitchell v. Maurer, supra.

The decree is modified[10] so as to dismiss the bill for want of jurisdiction and, as thus modified, is affirmed.

[8] Compare Venner v. Great Northern Ry. Co., 209 U.S. 24, 32, 28 S.Ct. 328, 52 L.Ed. 666; Cutting v. Woodward, 9 Cir., 255 F. 633, 635.

[9] Horn v. Lockhart, 17 Wall. 570, 579, 21 L.Ed. 657; Hicklin v. Marco, 9 Cir.,

56 F. 549, 552; Dollar Steamship Lines v. Merz, supra.

[10] Spielman Motor Sales Co. v. Dodge, 295 U.S. 89, 97, 55 S.Ct. 678, 681, 79 L. Ed. 1322; Electro Therapy Corp. v. Strong, supra.