NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 13 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



|  |  |
|---|---|
| TUNG Q. LAM,<br><br>       Plaintiff - Appellant,<br><br>  v.<br><br>JPMORGAN CHASE BANK NA and MTC<br>FINANCIAL, INC., DBA Trustee Corps,<br><br>       Defendants - Appellees. | No. 12-17753<br><br>D.C. No. 1:12-cv-01434-AWI-<br>SMS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Senior District Judge, Presiding

Submitted March 11, 2015[**]
San Francisco California

Before: McKEOWN, MURGUIA, and FRIEDLAND, Circuit Judges.

Tung Q. Lam appeals from the district court's judgment dismissing his

claims against his mortgage lender's successor, JPMorgan Chase Bank, N.A.

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

1

("Chase"), and Chase's foreclosure trustee, MTC Financial Inc., dba Trustee Corps ("Trustee Corps").

## I.

We first must determine whether there is federal subject-matter jurisdiction over this dispute. Lam's complaint asserted that the district court had diversity jurisdiction, and the district court appears to have accepted that contention without discussion. Yet Lam is a citizen of California, Chase is a citizen of New York, and Trustee Corps is a citizen of California, so diversity appears on the face of the complaint to be lacking. *See In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008).

Lam argues on appeal that Trustee Corps is a nominal party whose citizenship does not count for purposes of diversity jurisdiction. Lam's complaint, however, alleged misconduct on the part of Trustee Corps and sought damages from it. Thus, Trustee Corps is a real party to the controversy, and its citizenship must be counted for purposes of diversity jurisdiction. *See Cheyne v. Atchison, T. & S.F. Ry., Co.*, 125 F.2d 49, 50-51 (9th Cir. 1942); *Matthew v. Coppin*, 32 F.2d 100, 102 (9th Cir. 1929). Because Lam and Trustee Corps are citizens of the same

state, complete diversity is lacking and the district court did not have subject-matter jurisdiction.[1]

If Trustee Corps is a dispensable party, however, we may retroactively perfect the district court's jurisdiction by dismissing Trustee Corps from this action under Federal Rule of Civil Procedure 21. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837-38 (1989). Lam's only colorable argument for why Trustee Corps must remain in the suit is that it is needed to perform "the ministerial act of conveying or quieting title if adjudged in Plaintiff-Appellant's favor." Lam is mistaken. An injunction against Chase would bind Chase's agents and anyone acting in concert with Chase, which includes Trustee Corps. *See* Fed. R. Civ. P. 65(d)(2)(B)-(C). We therefore exercise our authority under Rule 21 to dismiss Trustee Corps as a party, perfecting the district court's and our own jurisdiction over this matter. *See Newman-Green*, 490 U.S. at 837-38.

## II.

Turning to the merits, we review de novo a district court's decision to grant a motion to dismiss, and we review the denial of leave to amend the complaint for

---

[1] Lam's opening brief also contends that the district court had jurisdiction based on the Declaratory Judgment Act, but the Declaratory Judgment Act does not provide an independent basis for jurisdiction. *See Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1222-23 (9th Cir. 1998) ("A lawsuit seeking federal declaratory relief . . . must [] fulfill statutory jurisdictional prerequisites.").

3

an abuse of discretion. *Zadrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163, 1167 (9th Cir. 2013).

Lam's complaint alleged four substantive claims for relief: wrongful foreclosure, quiet title, slander of title, and fraud. In addition, Lam sought preliminary injunctive relief, cancellation of written instruments, and declaratory relief. Lam's opening brief on appeal devotes separate headings to each of these claims and forms of relief, but all of them stem from a common set of alleged defects in the foreclosure process. Specifically, Lam contends that: (1) Mortgage Electronic Registration Systems, Inc. ("MERS") lacked authority to assign Lam's deed of trust to Chase because MERS lost its status as agent of the promissory note holder when Lam's note was assigned to IndyMac Bank and bundled into a mortgage-backed security; (2) the assignment of the deed of trust from MERS to Chase was invalid because MERS's Procedures Manual states that MERS does not have authority to transfer any beneficial interest in loans; (3) Chase did not own Lam's note because the original lender did not endorse the note to Chase; and (4) Chase did not have the right to foreclose because it did not record any note ownership with the county.[2] Of these four alleged defects that Lam argues on appeal, only the first was raised in opposition to the motions to dismiss below.

---

[2] To the extent Lam might understand himself to be making additional arguments, such arguments are waived. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) ("[I]ssues which are not specifically and distinctly argued and raised in a party's opening brief are waived.").

Accordingly, Lam has waived any argument pertaining to the second, third, and fourth alleged defects. *See In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 780 (9th Cir. 2014) ("Generally, arguments not raised in the district court will not be considered for the first time on appeal.").

Lam's only non-waived contention—that MERS lacked authority to assign his deed of trust—is foreclosed by his agreement in the deed of trust that MERS would have the right "to exercise any or all of [the lender's] interests." Because "[t]he authority to exercise all of the rights and interests of the lender necessarily includes the authority to assign the deed of trust," *Siliga v. Mortg. Elec. Registration Sys., Inc.*, 161 Cal. Rptr. 3d 500, 507 (Ct. App. 2013), Lam cannot contend that MERS lacked authority to assign the deed of trust to Chase. *See id.* at 506; *Herrera v. Fed. Nat'l Mortg. Ass'n*, 141 Cal. Rptr. 3d 326, 328 (Ct. App. 2012).

Lam asserts that he should have been granted leave to amend his complaint, but he fails to offer any specific argument for how the district court abused its discretion by denying such leave. Lam therefore has failed to preserve this issue for appeal. *See D.A.R.E. Am. v. Rolling Stone Magazine*, 270 F.3d 793, 793 (9th Cir. 2001).

\*      \*      \*

Trustee Corps is dismissed as a party in this action and the district court's judgment dismissing Lam's claims against Chase is **AFFIRMED**.

6